**W. Gene MURFF, M.D. and Murff–Wang–Moore Associates, P.A., Petitioners,**

v.

**Wanda Kaye PASS, as Next Friend of Leslie LeAnn Pass, a Minor, Respondent.**

No. 07–0294.

Supreme Court of Texas.

March 28, 2008.

Rehearing Denied May 2, 2008.

Terri S. Harris, James B. Ewbank II, Tamra J. Wilkinson English, Patricia Sue Allen, Ewbanks & Byrom, P.C., Austin, TX, for Petitioners.

Timothy R. Cappolino, Richard Dodd, Craig Wilse Brown, Cappolino Dodd & Krebs, Cameron, TX, Susan Eisner Hiatt, Law Office of Susan E. Hiatt, Alexandria, VA, Richard N. Countiss, Countiss Law Firm, Houston, TX, for Respondent.

PER CURIAM.

A venireperson who demonstrates "a general inability to follow the court's instructions regarding the law" is disqualified from serving on a jury. *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 751 (Tex.2006); *see* TEX.R. CIV. P. 226a. In this health care liability case, following a confusing line of questioning about the burden of proof, a venireperson stated that he would hold the plaintiff to a clear and convincing standard of proof.[1] Additional venirepersons raised their hands indicating that they agreed. Believing that the panel members were confused, and after informing the venire of the proper standard, the trial court refused to disqualify these venirepersons. A divided court of appeals held that the venirepersons were disqualified as a matter of law, and reversed and remanded the case for a new trial. 2007 WL 613843, at *4. We hold that the trial court did not abuse its discretion in refusing to disqualify the challenged jurors, reverse the court of appeals' judgment, and render judgment in the respondent's favor in accordance with the jury's verdict.

Wanda Pass, as next friend of her minor daughter LeAnn, filed a health care liability claim against Dr. W. Gene Murff and his professional association, Murff–Wang–Moore Associates, P.A. Pass alleged that Murff failed to act in accordance with the requisite standard of care during the labor and delivery of her daughter and that LeAnn suffered extensive and permanent physical and mental disabilities as a result. During the voir dire examination at trial, Pass's counsel questioned the venire about the proper standard of proof, attempting to define and compare the terms "preponderance of the evidence," "clear and convincing evidence," and "beyond a reason-

able doubt." Pass's counsel described "the preponderance of the evidence" as "the greater weight and degree of credible testimony," after which the following exchange with venireperson 5, Mr. Ruth, occurred:

Counsel: Okay. Does anyone here disagree with Mr. McBrine about that? That they do not believe that that would be a more likely than not vote if she said I believe it more likely than not, but I have some doubts. Anyone have a problem with that? Very good. Yes, sir, Mr. Ruth?

Ruth: Is the question more likely than not the preponderance of the evidence? Because if it is, then I disagree.

Counsel: I'm sorry. The preponderance of the evidence is what would be [the] greater weight and degree of credible testimony. Mr. Ruth, do you see a big difference in more likely than not and greater weight?

Ruth: Yes.

Counsel: Okay. Could you please tell me what that difference is in your opinion?

Ruth: The greater the weight, I would expect it to be clear and convincing.

Counsel: Clear and convincing, okay.

Ruth: I have doubts then.

Counsel: Well, you would hold me to clear and convincing?

Ruth: Yes.

Counsel: Okay. And I appreciate that because, you know, a lot of people—okay.

(Clarification by reporter.)

Counsel: The Court Reporter would like you to repeat that, sir.

---

1. The proper standard of proof in this case is a preponderance of the evidence, TEX. CIV. PRAC. & REM.CODE § 74.153, meaning "the greater weight of the credible evidence," *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979).

Ruth: I just said that for me the clear and convincing would be that closer to the greater weight measure that he mentioned before.

Counsel: Okay. And the question then was whether or not you would hold me to a clear and convincing degree in this case?

Ruth: Yes, I would.

Counsel: Okay. And who agrees with Mr. Ruth about that?

Counsel then listed the venirepersons who responded affirmatively, including venirepersons 10, 29, and 31. Shortly thereafter, another panel member had the following exchange with Pass's counsel:

Cantu: Now, in preponderance of the evidence, are you saying that clear and convincing is an option, or is more likely than not a preponderance of the evidence?

Counsel: Okay. It means the greater weight and degree of credible testimony. The greater weight, okay?

Cantu: But what is considered the greater weight than that? Does it have to be clear and convincing or does it have to be more likely than not?

Counsel: Well, I guess that's up to the juror to decide because when the Judge gives the instructions—

At this point in the questioning Murff's counsel objected, and the trial court agreed that the jury was becoming confused. The trial court clarified that the standard of proof in this case was preponderance of the evidence, and that the jury charge would contain appropriate instructions related to the standard of proof and its definition.

Following the objection by Murff's counsel, Pass's counsel continued to attempt to explain the differences between the various standards of proof, as did the defense attorneys. Comments made by several of the panel members indicated that they continued to be confused. One of the defense attorneys asked the panel whether they would apply a standard of proof other than the one outlined by the judge in the jury charge. None answered affirmatively.

Pass made timely and proper objections to venirepersons 5 (Ruth), 10, 29, and 31, arguing that they should be disqualified for cause. The trial court overruled all of Pass's challenges. Pass used peremptory challenges to eliminate venirepersons 5, 29, and 31, and venireperson 10 served on the jury. After a two-week trial, the jury found in Murff's favor and the trial court entered a take-nothing judgment. Pass appealed, contending the challenged venirepersons should have been disqualified for their endorsement of an improper standard of proof.[2] The court of appeals reversed, holding that venirepersons 5, 10, 29 and 31[3] should have been disqualified because their responses demonstrated prejudice and an "inability to follow the court's instructions regarding the law."

2. Pass also contended another group of venirepersons should have been disqualified for endorsing a misstatement of proximate cause. The court of appeals held that the misstatement was not disqualifying. 2007 WL 613843, at *2. Pass does not raise the proximate-cause disqualification issue here as an alternative ground to affirm the court of appeals' judgment; therefore we do not consider the issue. *See* Tex.R.App. P. 53.3(c)(2).

3. The court of appeals included venireperson 6 in the group that should have been disqualified for agreeing with Ruth's characterization of "the greater weight" as "clear and convincing evidence." 2007 WL 613843, at *2. However, the record unequivocally indicates that venireperson 6 was not among those who affirmatively responded and neither party argues otherwise.

2007 WL 613843, at *1 (citing *Hyundai,* 189 S.W.3d at 751). We disagree.

■ A person is disqualified from serving on a jury if the person has a bias or prejudice in favor of or against a party or claim, or if the person is unable or unwilling to follow the trial court's instructions. *See* TEX. GOV'T CODE § 62.105(4); TEX.R. CIV. P. 226a; *Hyundai,* 189 S.W.3d at 751. Such bias, prejudice, or inability to follow the court's instructions may not be discernible from a single statement or response to a general question. As we have previously observed, "[s]tatements of partiality may be the result of inappropriate leading questions, confusion, misunderstanding, ignorance of the law, or merely 'loose words spoken in warm debate,'" and do not necessarily establish disqualification. *Cortez v. HCCI–San Antonio, Inc.,* 159 S.W.3d 87, 92 (Tex.2005) (quoting *Compton v. Henrie,* 364 S.W.2d 179, 182 (Tex.1963)). When a venireperson expresses bias or confusion, the trial court has the discretion to stop the line of questioning to clarify that person's response. *See Hyundai,* 189 S.W.3d at 755. Because trial judges are present in the courtroom and are in the best position to evaluate the sincerity and attitude of individual panel members, they are given wide latitude in both conducting voir dire proceedings, *see id.* at 753, and in determining whether a panel member is impermissibly partial, *see Cortez,* 159 S.W.3d at 93. Thus, we must consider the entire examination in reviewing whether a trial court abused its discretion in deciding that a juror was or was not disqualified. *See id.*

Here, although Ruth stated that he would hold Pass to a clear and convincing standard of proof, it is apparent Ruth was confused as to the definition of "preponderance of the evidence," as were many of the other panel members. This confusion is not only demonstrated by the venirepersons' statements but was also noted by the trial judge who witnessed the exchange. Stating "the jury sounds like they're getting confused," the trial judge stopped the line of questioning and clarified the applicable standard of proof. Nothing in the examination indicates that Ruth harbored bias or prejudice in favor of or against a party or claim, or that he would be unable or unwilling to follow the court's instructions once the definitions were properly stated. In response to a general question, Ruth even indicated his agreement that he would follow the instructions given by the trial court.

Ruth's responses exhibit the type of "confusion, misunderstanding, [and] ignorance of the law" we discussed in *Cortez. Id.* at 92. There, we emphasized that the trial judge was in the best position to determine whether the allegedly impartial statement was the result of bias or merely of confusion. *Id.* at 92–93. In this case, the trial judge observed the exchange and considered it confusing, a characterization the record supports.

Citing *Cortez,* Pass contends rehabilitation is necessary once a member of the venire makes a statement indicating an inability to follow the court's instructions and argues that Ruth was disqualified because he was never rehabilitated. However, in *Cortez* we did not require rehabilitation in order to prevent disqualification; rather, we held that rehabilitation is permissible to clarify whether a venireperson's response results from confusion or misunderstanding, and that the extent and use of rehabilitation is within the trial court's discretion. *Id.* at 92. Here, the trial court was satisfied that Ruth was sufficiently impartial without having to conduct additional individual questioning, and review of the entire examination fails to indicate that the trial court's assessment constituted an abuse of discretion.

The court of appeals also concluded that venirepersons 10, 29, and 31 were disqualified based on their affirmation of Ruth's statement regarding the standard of proof. *See* 2007 WL 613843. However, as the trial court did not abuse its discretion in refusing to disqualify Ruth, it cannot have abused its discretion in refusing to disqualify venirepersons 10, 29, and 31, who merely agreed with Ruth's statement in response to general questioning.

\* \* \*

We reverse the court of appeals' judgment and render judgment in favor of Murff.