In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00038-CV

                                                ______________________________

 

 

 

                                              IN
RE:  LUFKIN INDUSTRIES, INC.

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                                    Opinion
by Chief Justice Morriss

                                                Concurring
Opinion by Justice Carter

                                                                              








                                                                   O P I N I O N

 

            In this high-stakes personal-injury,
products-liability contest, there have been two trials that reached
diametrically different results:  the
first, a multi-million dollar verdict; the second, a take-nothing verdict.  After the take-nothing verdict, the trial
court ordered a third trial.  By petition
for writ of mandamus, we are asked to override the trial court’s order granting
a new trial.  We deny the petition for
writ of mandamus, because—although (1) Lufkin has no adequate remedy by appeal,
and (2) the trial court’s reasons for granting a new trial are reviewable on
appeal—(3) the trial court was within its discretion, on at least one ground,
in granting a new trial.

            Kelleigh Terran Falcon, Kierra
Falcon, and Kelese Falcon were injured when the vehicle in which they were
riding collided with, and ran under the side of, an eighteen-wheeler trailer
manufactured by Lufkin Industries, Inc. (Lufkin).  Terrence Baker, as guardian of the person and
estate of Kelleigh Terran Falcon, and as next friend for Kierra Falcon and
Kelese Falcon, minor children (Baker), sued Lufkin Industries, Inc., for
products liability, asserting that Lufkin had a duty to install side under-ride
guards on its eighteen-wheeler trailers. 
After an initial trial resulted in a multi-million dollar verdict, the
parties agreed that a new trial was warranted, and one was granted.

            After years of additional testing
and discovery, a second trial was held. 
It lasted almost two months and resulted in a take-nothing
judgment.  Subsequently, the trial court,
acting sua sponte and on Baker’s motion for new trial, granted a new trial,
citing juror inattention, the brevity of jury deliberations, erroneous
exclusion of evidence, newly discovered evidence, inadmissible evidence
presented to the jury, and the interest of justice and fairness.  

            Seeking a writ of mandamus, Lufkin
argues that the trial court abused its discretion by granting a new trial
because the reasons for granting the new trial are not supported by the record,
were not preserved, and are invalid, and because the new trial will deprive
Lufkin of its constitutional right to a jury trial.

(1)        Lufkin Has No Adequate Remedy by Appeal

            Generally, mandamus will issue only
to correct a clear abuse of discretion or the violation of a duty imposed by
law.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
It is available only if an adequate remedy by appeal does not
exist.  Perry Homes v. Cull, 258 S.W.3d 580, 586 (Tex. 2008); In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135–36 (Tex. 2004).  Mandamus
should not issue to correct grievances that may be addressed by other
remedies.  See Walker, 827 S.W.2d at 840. 
Whether a remedy by ordinary appeal is adequate so as to preclude
mandamus review depends on the circumstances presented and is better guided by
general principles than by simple rules.[1]  Prudential,
148 S.W.3d at 137.

            In some cases, a remedy at law may
technically exist; however, it may nevertheless be so uncertain, tedious,
burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed
inadequate.  See, e.g., Houston & T.C. Ry. Co. v. City of Dallas,
98 Tex. 396, 84 S.W. 648, 656 (1905) (“there is not a plain, adequate, certain,
and speedy remedy”); City of Highland
Park v. Dallas Ry. Co., 243 S.W. 674, 681 (Tex. Civ. App.—Dallas 1922, writ
ref’d) (remedy must be “equally convenient, beneficial, and effective as the
proceeding by mandamus”).

 

Given
the subjective nature of such terms as “plain” and “uncertain,” “convenient”
and “inconvenient,” “effective” and “ineffective,” this Court must examine the
specific circumstances of each case and carefully exercise its discretion
before deciding whether a particular remedy at law is adequate.  See,
e.g., Dickens v. Second Court of Appeals, 727 S.W.2d 542, 551–52 (Tex.
Crim. App. 1987) (discussing the adequacy of reviewing pretrial discovery
orders through appeal).  In addition,
equitable principles are necessarily involved when we consider whether mandamus
should issue.  See Callahan v. Giles, 137 Tex. 571, 155 S.W.2d 793, 795 (1941).

 

Smith v. Flack, 728 S.W.2d 784, 792 (Tex. Crim.
App. 1987).

            Lufkin’s only other possible
alternative remedy to the trial court’s order is direct appeal to the court of
appeals after a third trial.  Under the
extraordinary circumstances of this case, requiring the parties to endure a
third trial before appellate review of the order for new trial is not “equally
convenient [or] beneficial” as mandamus; rather, it is “tedious, burdensome,
slow [and] inconvenient.”  See id.  Accordingly, we find Lufkin has no adequate
remedy by appeal.

(2)        The Trial Court’s Reasons for Granting a
New Trial Are Reviewable on Appeal

            Here, the trial court gave several
specific reasons for granting a new trial. 
Lufkin argues that the trial court’s reasons are not supported by the
record.  Baker contends that, as long as
the trial court’s reasons are specific enough to meet the requirements of In re Columbia Medical Center of Las
Colinas, Subsidiary, L.P., 290 S.W.3d 204 (Tex. 2009) (orig. proceeding),[2]
they are unreviewable.  Although we find
no explicit binding precedent on the subject, we disagree.

            While a trial court has significant
discretion in granting new trials, the Texas Supreme Court recently held that a
trial court must specify the reasons it disregarded the jury’s verdict by
granting a new trial.[3]  Id.
at 212–15.  “The reasons should be clearly
identified and reasonably specific. 
Broad statements such as ‘in the interest of justice’ are not
sufficiently specific.”  Id. at 215.  The court’s majority opinion explained that,
while a trial court has considerable discretion in granting a new trial, that
discretion has limits.  Id. at 210.  That “discretion should not, and does not,
permit a trial judge to substitute his or her own views for that of the jury
without a valid basis.”  Id. at 212.  By stating that the trial court must have a “valid
basis” for granting a new trial, the Court is, in effect, authorizing appellate
review of the reasons given.  Otherwise,
who is to say whether the reasons given are “valid”?

            Even if we read too much into the
Texas Supreme Court’s words, there is a further basis for having appellate
review of the reasons given for the new trial. 
The law does not require a vain or useless act.  See City
of Gladewater v. Pike, 727 S.W.2d 514, 518 (Tex. 1987) (stating the
equitable maxim that “a court should not require the doing of a useless thing”).  If we were to determine that the trial court’s
reasons for granting a new trial were not reviewable on appeal, we would be
saying that the court’s requirement that a trial court give reasons for its
ruling was a useless requirement.

            Among the rationales used by the
Texas Supreme Court in requiring trial courts to express reasons for granting
new trials are that the requirement enhances respect for the rule of law,
provides transparency for the legal system, and respects expectations of
parties and the public from a jury trial. 
Columbia Med. Ctr., 290 S.W.3d
at 213.  Each of those purposes is
supported by making the reasons reviewable; each element is sullied by having
any reasons be unreviewable.

            We conclude, therefore, that the
trial court’s reasons for granting a new trial are subject to appellate review.

(3)        The Trial Court Was Within Its
Discretion, on at Least One Ground, in Granting a New Trial

 

            Here, the trial court granted a new
trial based on (1) juror inattention, (2) length of jury deliberations, (3) the
exclusion of evidence, (4) newly discovered evidence, (5) the injection of
inadmissible evidence before the jury,[4] and
(6) the interest of justice and fairness. 
So long as the trial court is within its discretion to grant a new trial
for even one of its stated reasons, the order granting a new trial will be
affirmed and mandamus relief will be denied. 
Here, because we find the trial court was within its discretion in at
least one of its stated reasons for granting a new trial, we need not review
the remaining reasons given.

            In
detailing its reasons, the trial court stated:

The Defendant showed an unredacted copy of the
police report to the Jury that informed them that the two children in the back
seat of the Ford Taurus were not restrained. 
This was directly contrary to the Court’s ruling on this admissibility
of this matter.  Having seen the effect
that this had, the Court believes that [a] new trial is warranted on this basis.
. . .

 

.
. . The Defendant displayed a photograph of the backseat [sic] of the Ford
Taurus and speculated that items in the rear seat indicated that the driver was
inattentive at the time leading up to this collision. . . . [T]he court
believes this inexcusable conduct nevertheless constitutes prejudice and harm
necessitating a new trial. 

 

Lufkin
did not indicate to the jury that the children were unrestrained, but did point
out a mascara container that appeared in the photograph of the back seat
floorboard of the car and asked whether “putting on makeup in a vehicle” was “a
distraction.”  

            Trial courts are allowed “great
discretion” in the granting of new trials.  Id. at 214.  Trial judges have the benefit of observing
the dynamics and atmosphere of the courtroom as well as the demeanor, tone, and
tenor of witnesses, attorneys, and jurors—factors that may not be reflected in
the record.  See Murff v. Pass, 249 S.W.3d 407, 411 (Tex. 2008) (per curiam) (citing Hyundai Motor Co. v. Vasquez, 189
S.W.3d 743, 753 (Tex. 2006)); see also Columbia
Med. Ctr., 290 S.W.3d at 220 (O’Neill, J., dissenting).  Similarly, in jury voir dire issues, the
Supreme Court of Texas has noted that an interpretation of juror behavior “turns
on the courtroom context, and perhaps the looks on their faces.”  Hyundai
Motor Co., 189 S.W.3d at 755.  We
believe the same to be applicable in this case. 

            Here, the trial court reviewed “the
pleadings and evidence” as well as “its own notes from the proceedings,” and it
noticed the “effect” of and “prejudice and harm” caused by the inadmissible
police report and Lufkin’s statements to the jury regarding the driver’s
possible inattention.  Affording great
discretion to the trial court in its firsthand observations and viewing the
record in the light most favorable to the trial court’s ruling, we find that
the trial court was within its discretion to grant a new trial because of the
inadmissible evidence being shown and argued to the jury.

            We deny the petition for writ of
mandamus.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

 

CONCURRING OPINION

 

            While I agree with the court’s
conclusion in this case, I am concerned that we are initiating an improper
process of review of a trial court’s order granting a new trial.  

            The granting of a new trial cannot
be reviewed and scrutinized in the same way as many other actions of the judge;
it is a decision by the judge that something occurred during the trial to skew
the trial process.  This may be based on
one major event or it may be a series of minor incidents that coalesce to
interfere with the advocacy process. 
Only the trial judge is in a position to make this call after being
intimately involved in every aspect of the trial.  I think it is a mistake to attempt to review
this decision with the same prism as reviewing an evidentiary ruling.  Such an order comes from the trial judge’s
experience, understanding of the case, and even a feel for what occurred at
trial.  It does not lend itself to the
usual appellate review process; perhaps that is the reason the law of this State
has for generations authorized this action without review. 

            Even from a cynical viewpoint, we must
recognize that a trial judge has a docket to manage and the last thing the
judge wants is a retrial of a two-month case. 
If the judge grants a new trial, we should be well assured that the
judge earnestly believes a new trial is essential; that decision should be
given great deference. 

            For us to consider the mandamus,
there must be no other adequate remedy. 
Two aged civil cases and a criminal case are the only authorities cited
to support such a finding.  Neither of the
civil cases discusses whether an ordinary appeal is an adequate remedy.  In Houston
& T.C. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648 (1905), the
issue was whether the enforcement of one city ordinance rather than another was
an adequate remedy.  Likewise, City of Highland Park v. Dallas Ry. Co.,
243 S.W. 674 (Tex. Civ. App.—Dallas 1922, writ ref’d), involved an issue of
whether the city had the right to enforce, by mandamus, a statute requiring the
railway company to make certain installations. 
Neither of these cases sheds light on whether an ordinary appeal is an
adequate remedy.  If the question is
simply whether mandamus is more convenient, the usual appeal process may become
a relic.    

            But the more basic question is what
is an appellate court to do with a trial court order granting a new trial when
the trial judge has complied with Columbia
Medical Center[5] and
specifically stated reasons for granting the new trial?  We know that the trial court has a different
set of rules for overturning a jury verdict than an appellate court.  Columbia
Med. Ctr., 290 S.W.3d at 211.   There
are valid reasons for requiring a different standard for the two:  the trial court has listened and watched every
witness, is involved in the dynamics of the trial, has observed the jury,
whereas the appellate court reads volumes of typed transcript.  Here, the trial judge gave principled reasons
for granting the new trial and did not rely on a simple “in the interest of
justice” ground.  For instance, one of
the reasons stated was juror inattention.  
Is it necessary to establish in the record juror inattention, or do we
trust the trial judge’s evaluation?   Are
trial judges required to act as advocates and “protect the record” to preserve
every possible reason that might be given as the ground for granting the new
trial, or is it more important that judges continue their core function of
conducting and ensuring a fair trial? 

            If it is our duty to review the
record, even that is impossible since we do not have a full record; our record
consists of an appendix containing what must be very minor portions of a two-
month trial.  Lufkin has brought this
mandamus action, so it is logical that, at a minimum, it has the burden to
prove that the trial judge’s reasons for granting the new trial are not
supported in the record.  Since we do not
have a full record, how can we find that Lufkin has shown the evidence will not
support the trial judge’s finding? 
Generally when a full record is not before us, we presume the missing
portion of the record contains evidence to support the trial court’s
determinations.  Feldman v. Marks, 960 S.W.2d 613, 614 (Tex. 1996); In re Estate of Arrendell, 213 S.W.3d
496, 503 (Tex. App.—Texarkana 2006, no pet.). 
Ultimately, this attempt to review the record will not result in an
expeditious disposition as trial attorneys will insist that a full record be
prepared which will cause delay and prohibit a speedy new trial.  The participants will be engaged in appellate
practice rather than retrying the case.

            When such a review is attempted, how
do we determine if a trial judge has abused his or her discretion?  Here, we sustained the granting of the new
trial because we found that some evidence was improperly presented to the
jury.  The rejoinder argument is:  that evidence was inconsequential in a two-month
trial.  May a trial judge grant a new
trial even if the inadmissible evidence, on review, is found to be harmless?  We are beginning a process of review for which
no guidelines exist.  Must a reversible
error be presented before the trial judge can grant a new trial?  If not, upon what basis are we deciding other
than the rule that has been followed in this State for decades—we grant
discretion to the trial judge.      

            The majority opinion acknowledges
that trial judges are in a position to observe factors that may not be in the written
record and accords great discretion to the judge.  When a trial judge has complied with Columbia Medical Center and given
specific plausible reasons for determining that good cause exists to grant a
new trial, we should defer to that finding based on the trial judge’s unique
position to evaluate the trial and the authority granted by Rule 320.  Tex.
R. Civ. P. 320.  

 

            I concur with the judgment.       

            

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          July 7, 2010

Date
Decided:             July 8, 2010

 











[1]Prudential, 148 S.W.3d at 137 n.53
(quoting 16 Charles Alan Wright, Arthur
R. Miller, & Edward H. Cooper, Federal Practice & Procedure §
3934.1, at 572, 574 (1996) (“stating that ‘[w]rit review that responds to
occasional special needs provides a valuable ad hoc relief valve for the
pressures that are imperfectly contained by the statutes permitting appeals
from final judgments and interlocutory orders,’ and that ‘[i]mportant questions
of procedure often are difficult to review by appeal, and at times may demand
appellate intervention to secure uniformity between different judges, or simply
to bring the balancing perspective that appellate review is intended to provide
in controlling the practices as well as the substantive decisions of trial
courts.’”)).





[2]Here,
there is no dispute that the trial court’s reasons for granting a new trial are
sufficiently specific to meet the requirements of Columbia Medical Center.

  





[3]In
Columbia Medical Center, the Texas Supreme Court pointed out that,
although the standards for setting aside a jury verdict were different for a
trial court than for a court of appeals, “there is no meaningful difference to
the parties between an appellate court reversing a judgment based on a jury
verdict and a trial court setting the verdict aside or disregarding it.  The end result is that the prevailing party
loses the jury verdict and the judgment, or potential judgment, based on it.”
 Columbia Med. Ctr., 290 S.W.3d at 211–12.  An appellate court has always been required
to detail the evidence given in support of and against a verdict when setting a
verdict aside for want of evidence but the trial court has not been
traditionally required to do so.  It is
noted that the federal system and some forty other States require that a trial
court explain its reasoning in disregarding a jury finding to assure that the
trial court “does not simply substitute [its] judgment for that of the jury,
thus depriving the litigants of their right to trial by jury.”  Id. at 212 (quoting Scott v.
Monsanto Co., 868 F.2d 786, 791 (5th Cir. 1989)).





[4]Lufkin
asserts that Baker failed to preserve this basis for our review.  However, in civil cases, our procedural rules
expressly permit a trial court to grant a new trial on its own motion for any
good cause.  Tex. R. Civ. P. 320. 
Here, in granting a new trial, the trial court acted “on its own Motion
and on the Motion of [Baker].”  





[5]In re Columbia Med. Ctr. of Las Colinas,
Subsidiary, L.P., 290 S.W.3d 204 (Tex. 2009).