

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00824-CV

Karen D. **GRIFFIN**,
Appellant

v.

**UNION PACIFIC RAILROAD COMPANY** and Kenneth Piper,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-08523
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  April 16, 2014

AFFIRMED

        This is an appeal of a take-nothing judgment entered by the trial court based on a jury's verdict in a personal injury lawsuit arising from a collision involving an automobile driven by Karen D. Griffin and a Union Pacific Railroad Company train being operated by engineer Kenneth Piper. The sole issue raised on appeal is whether the trial court abused its discretion in denying a challenge for cause as to one venireperson. We affirm the trial court's judgment.

**STANDARD OF REVIEW AND CHALLENGES FOR BIAS OR PREJUDICE**

"A person is disqualified from serving on a jury if the person has a bias or prejudice in favor of or against a party or claim, or if the person is unable or unwilling to follow the trial court's instructions." *Murff v. Pass*, 249 S.W.3d 407, 411 (Tex. 2008) (citing TEX. GOV'T CODE ANN. § 62.105(4) (West 2013)). "Such bias, prejudice, or inability to follow the court's instructions may not be discernible from a single statement or response to a general question." *Id.* "'[S]tatements of partiality may be the result of inappropriate leading questions, confusion, misunderstanding, ignorance of the law, or merely loose words spoken in warm debate,' and do not necessarily establish disqualification." *Id.* (quoting *Cortez v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 92 (Tex. 2005)). "Because trial judges are present in the courtroom and are in the best position to evaluate the sincerity and attitude of individual panel members, they are given wide latitude in both conducting voir dire proceedings and in determining whether a panel member is impermissibly partial." *Id.* (internal citations omitted). "Therefore, trial courts exercise discretion in deciding whether to strike veniremembers for cause when bias or prejudice is not established as a matter of law, and there is error only if that discretion is abused." *Cortez*, 159 S.W.3d at 93.

Although Griffin argues in her reply brief that a venireperson who unequivocally expresses a bias cannot be rehabilitated, the Texas Supreme Court disapproved of that law in *Cortez*. In *Cortez*, the court cited *Mines v. State*, 852 S.W.2d 941, 945 n. 7 (Tex. Crim. App. 1992), for the proposition that a veniremember can be rehabilitated after an unequivocal answer where further questioning showed the juror had been confused. 159 S.W.3d at 92-93. The court reasoned:

> If a veniremember expresses what appears to be bias, we see no reason to categorically prohibit further questioning that might show just the opposite or at least clarify the statement. If the initial apparent bias is genuine, further questioning should only reinforce that perception; if it is not, further questioning may prevent an impartial veniremember from being disqualified by mistake.

*Id*. at 93 (internal citations omitted). "[T]he relevant inquiry is not where jurors *start* but where they are likely to *end*." *Id*. at 94 (emphasis in original).

In determining whether a trial court abused its discretion in ruling on a challenge for cause, we must consider the entire examination or the record as a whole, not just the answers that favor one party or the other. *Murff*, 249 S.W.3d at 411; *Cortez*, 159 S.W.3d at 92-93. Challenges for cause do not turn on the use of "magic words." *Cortez*, 159 S.W.3d at 93. "[V]eniremembers may be disqualified even if they say they can be 'fair and impartial,' so long as the rest of the record shows they cannot." *Id*. "By the same token, veniremembers are not necessarily disqualified when they confess 'bias,' so long as the rest of the record shows that is not the case." *Id*.

### EXAMINATION OF PROSPECTIVE JUROR NO. 9

Griffin contends the trial court abused its discretion in denying her challenge for cause as to prospective juror no. 9, based on the following exchange:

> Q. Ms. Hayden, question: We talked a little bit about damages as awarding money, compensation. Do you remember that discussion?
> A. I think it had to do with pain.
> Q. Yeah, the question is — my notes are that you said that you were opposed to awarding money for physical pain; is that correct?
> A. Uh-huh.
> Q. Okay. So you understand that one of the things the law allows a plaintiff like Ms. Griffin to sue for is to be compensated for experiencing physical pain. But as I understand it, even though the law allows it and the judge says if you find somebody suffered pain, you know, you can make an award appropriate based on the evidence, you're opposed to that awarding money for pain; is that correct?
> A. Yes.
> Q. And even if the judge instructed you, you couldn't do that in this case or any personal injury case; is that fair?
> A. Yes. That's correct.
> Q. You hesitated a little bit, so let me make sure I'm not —
> A. No. My thinking on that is that you would be awarding damages for medical costs.
> Q. Okay.
> A. That — for future.
> Q. Correct.
> A. Costs and loss of compensation, future earnings.
> Q. Sure.

A.      And so my feeling is that would cover the pain.

Q.      Okay.  Even if there's a separate item for physical pain, you still —

A.      Right, because you also mentioned for mental anguish.

Q.      Yes.

A.      Okay.  And I'm a physical therapist.  And so pain is — part of pain is an emotional response.

Q.      Okay.

A.      And has to do with mental imagery and that.  And so to me, that would be kind of double dipping.

Q.      Okay.

A.      That I feel like it would be — you know, the patient would — the person would be properly awarded with medical costs and mental anguish.

Q.      Right.  And like we said in the general session, there's nothing — everybody's entitled to their own view.  We just need to make sure we understand that here.

A.      Uh-huh.

Q.      Now, I have to ask even more pointed.  If the judge instructed you, you know, that this is an item that the plaintiff's entitled to compensation for, you just philosophically are opposed, and were before you even walked in here, to awarding money for pain or mental anguish?

A.      Well, no one's ever asked me before, so it was really the first time I've ever heard that question.  Just in my mind, that's how I think of pain.

Q.      Right.  You couldn't do it?

A.      Right.

Q.      And Mr. Burns is going to ask you some questions about that and you might hear some examples, severe pain, severe suffering, terrible negligence, but — and if those — if you hear that, are you still — have the same answer, I just cannot award pain [sic] for pain or for mental anguish?  Is that fair?

A.      Yes.  I feel like it would be already covered.  Uh-huh.

Q.      Thank you.

Defense counsel then further questioned prospective juror no. 9 on this issue as follows:

Q.      Ms. Hayden, as I understand how you answered Mr. Marchand's questions, your concern about awarding pain and suffering damages and also mental anguish damages is there may be some double dipping or overlapping between the two?

A.      Yes.

Q.      Did I understand that correctly?

A.      Yes, sir.

Q.      As opposed to a philosophical objection to any damages in the combined categories, for example, of pain and suffering and mental anguish, you want to be able to make sure there's no double dipping, overlapping; is that your concern?

A.      Yes, sir.

Q.      I once had a lawyer in a case explain to a jury the difference between pain and suffering, this way.  He said he once had a grizzled old motorcycle client

who laid down his bike on an old asphalt road and skidded for about a hundred feet. So he had a lot of asphalt embedded in his skin. So in the hospital every day, he would have his backside and his back and his legs brushed with a stiff brush to work that stuff out.

And every day, he would scream and scream like — and bawl like a baby. So the conclusion, the lawyer said was, when the nurse is sitting there scrubbing on his back to get the asphalt out, that's pain and suffering.

When he hears her walking down the hall with the brush and he knows it's time, that's mental anguish. When he knows it's about to happen, when he knows that's going on, even though he doesn't feel the physical pain. It's different.

And in order to evaluate damages, you would have to receive testimony from the person that's seeking damages to distinguish what they had as pain and suffering and what they might have as mental anguish.

But with that kind of understanding, or if you get an instruction from the judge as to how you are to consider those different categories of damages, would you then for yourself be able to make sure there was a separation so you would not have a double dip, as you were talking about, overlap?

A.     Well, when you were giving that example, I think you just made my point that the mental anguish is the memory of the pain, so that's what you get. So —

Q.     Memory of what has been and what may be yet to come?
A.     Exactly.
Q.     Okay.
A.     So that, to me, would be sufficient to cover.
Q.     So what you — in your mind in awarding, not saying you would not compensate for it, but that in analyzing for yourself and evaluating what those damages would be, you would consider both aspects of it in reaching a decision?
A.     Yes. I think I could.

After voir dire concluded, the trial judge asked whether the parties had any challenges for

cause, and the following exchange occurred with regard to prospective juror no. 9:

MR. MARCHAND [Griffin's Attorney]:   Yes, Your Honor. All right. Your Honor, plaintiffs move to strike for cause Juror No. 9, Ms. Hayden. She said she would not award money for pain and suffering. Did she also do preponderance of the evidence or not? No? Okay. And she won't award money for both physical pain and mental anguish.

MR. BURNS [Defense Counsel]:   That was the one juror I questioned and asked her to separate, Judge. I think she clearly was able to distinguish with the example I gave, an ability to evaluate the damages of both categories. So I mean, that's —

MR. MARCHAND:   And she did specifically say that she thinks medical bills, compensation for medical bills or future medical covers pain and suffering. And I even asked her, physically showed, if she breaks it out, medical bills, loss of earnings, physical pain, mental anguish, she said she couldn't award for physical pain and mental anguish.

THE COURT: And in my mind, I'm looking at the jury charge question on damages, and there's a separate blank for each of them, and it says in the instruction, do not award anything in one category that you have already awarded in another, and how confusing is that with her.

MR. BURNS: She'd have to make the distinction, Judge.

MR. BROWN [Defense Attorney]: I think what she said, Judge, was that she didn't want to — she would not duplicate. She would not award the same for both, and that was what her concern was.

MR. RODRIGUEZ [Griffin's Attorney]: She took it one step further, Judge. When she said she would not duplicate, she said it was her belief that whatever was awarded for medical billings would include mental anguish. And I just don't —

THE COURT: She said that at one point.

MR. RODRIGUEZ: — see how that would add up on that.

THE COURT: Yeah.

MR. RODRIGUEZ: That's the problem I think David and I have with her is that how can you say the math would add up if what you give for medical billings, which is a concrete number that has been stipulated to, in her mind, that includes mental anguish, and she can't do that.

Pain and suffering, mental anguish, any intangible. But she says she lumps it with the medical billings. Well, how can you do that? You can't have medical billings as a concrete number and then say, well, that includes mental anguish or pain and suffering. It just doesn't add up.

MR. MARCHAND: Yeah. I took her response as I pushed her to be that if there's evidence of one, you know, medical bills, past, future, she would only — even though there's — there's evidence of both, she would only award one because she thinks it takes care of it.

THE COURT: You know, I think she's ignorant of the law at this point and hasn't been educated on the charge. And I'm going to overrule you.

## ANALYSIS

Although Griffin's attorney argued that prospective juror no. 9 expressed a bias against awarding medical expenses and damages for mental anguish, she actually stated, "the person would be properly awarded with medical costs and mental anguish" because "pain is an emotional response." In response to further questioning by defense counsel, prospective juror no. 9 initially confirmed that her concern was that there may be some overlapping between damages for pain and suffering and damages for mental anguish. Prospective juror no. 9 further confirmed that she was not philosophically opposed to awarding damages for each category of damages as long as no "double dipping" or overlapping resulted. After defense counsel provided an example to clarify

the difference between pain and suffering and mental anguish, prospective juror no. 9 again expressed a concern that the two damages overlapped because "mental anguish is the memory of the pain." In response to defense counsel's final question, however, prospective juror no. 9 affirmed that she would consider both aspects of those damages in reaching a decision. Since the two aspects being discussed were pain and suffering and mental anguish, prospective juror no. 9 affirmed that she would consider both pain and suffering and mental anguish in reaching her decision.

In this case, the responses by prospective juror no. 9 did not conclusively establish that she was unwilling to set aside her personal beliefs. *Taber v. Roush*, 316 S.W.3d 139, 163-64 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Instead, as the trial judge noted, her responses exhibited "'confusion, misunderstanding, [and] ignorance of the law.'" *Murff*, 249 S.W.3d at 411. Under those circumstances, "the trial judge [is] in the best position to determine whether the allegedly impartial statement [is] the result of bias or merely of confusion." *Id*. "In this case, the trial judge observed the exchange and considered" prospective juror no. 9's responses to be an expression of confusion, "a characterization the record supports." *Id*. Given prospective juror no. 9's final response, affirming that she could consider both pain and suffering and mental anguish in reaching her decision,[1] the trial court acted within its discretion in denying the challenge for cause.

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

---

[1] Prospective juror no. 9's response that she thought she could consider both aspects of the damages is similar to the prospective juror's statement in *Cortez* that he was "'willing to try' to make his decision based on the evidence and the law.'" 159 S.W.3d at 93. "That is all we can ask of any juror." *Id*.