

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00038-CV

_____


IN RE:   LUFKIN INDUSTRIES, INC.


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss
Concurring Opinion by Justice Carter

OPINION

In this high-stakes personal-injury, products-liability contest, there have been two trials that reached diametrically different results:  the first, a multi-million dollar verdict; the second, a take-nothing verdict.  After the take-nothing verdict, the trial court ordered a third trial.  By petition for writ of mandamus, we are asked to override the trial court's order granting a new trial. We deny the petition for writ of mandamus, because—although (1) Lufkin has no adequate remedy by appeal, and (2) the trial court's reasons for granting a new trial are reviewable on appeal—(3) the trial court was within its discretion, on at least one ground, in granting a new trial.

Kelleigh Terran Falcon, Kierra Falcon, and Kelese Falcon were injured when the vehicle in which they were riding collided with, and ran under the side of, an eighteen-wheeler trailer manufactured by Lufkin Industries, Inc. (Lufkin).  Terrence Baker, as guardian of the person and estate of Kelleigh Terran Falcon, and as next friend for Kierra Falcon and Kelese Falcon, minor children (Baker), sued Lufkin Industries, Inc., for products liability, asserting that Lufkin had a duty to install side under-ride guards on its eighteen-wheeler trailers.  After an initial trial resulted in a multi-million dollar verdict, the parties agreed that a new trial was warranted, and one was granted.

After years of additional testing and discovery, a second trial was held.  It lasted almost two months and resulted in a take-nothing judgment.  Subsequently, the trial court, acting sua sponte and on Baker's motion for new trial, granted a new trial, citing juror inattention, the brevity

2

of jury deliberations, erroneous exclusion of evidence, newly discovered evidence, inadmissible evidence presented to the jury, and the interest of justice and fairness.

Seeking a writ of mandamus, Lufkin argues that the trial court abused its discretion by granting a new trial because the reasons for granting the new trial are not supported by the record, were not preserved, and are invalid, and because the new trial will deprive Lufkin of its constitutional right to a jury trial.

*(1)     Lufkin Has No Adequate Remedy by Appeal*

Generally, mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law.  *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).   It is available only if an adequate remedy by appeal does not exist.  *Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004).   Mandamus should not issue to correct grievances that may be addressed by other remedies.  *See Walker*, 827 S.W.2d at 840.   Whether a remedy by ordinary appeal is adequate so as to preclude mandamus review depends on the circumstances presented and is better guided by general principles than by simple rules.[1]  *Prudential*, 148 S.W.3d at 137.

> In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient,

---

[1]*Prudential*, 148 S.W.3d at 137 n.53 (quoting 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3934.1, at 572, 574 (1996) ("stating that '[w]rit review that responds to occasional special needs provides a valuable ad hoc relief valve for the pressures that are imperfectly contained by the statutes permitting appeals from final judgments and interlocutory orders,' and that '[i]mportant questions of procedure often are difficult to review by appeal, and at times may demand appellate intervention to secure uniformity between different judges, or simply to bring the balancing perspective that appellate review is intended to provide in controlling the practices as well as the substantive decisions of trial courts.'")).

3

inappropriate or ineffective as to be deemed inadequate. *See*, *e.g.*, *Houston & T.C. Ry. Co. v. City of Dallas*, 98 Tex. 396, 84 S.W. 648, 656 (1905) ("there is not a plain, adequate, certain, and speedy remedy"); *City of Highland Park v. Dallas Ry. Co.*, 243 S.W. 674, 681 (Tex. Civ. App.—Dallas 1922, writ ref'd) (remedy must be "equally convenient, beneficial, and effective as the proceeding by mandamus").

Given the subjective nature of such terms as "plain" and "uncertain," "convenient" and "inconvenient," "effective" and "ineffective," this Court must examine the specific circumstances of each case and carefully exercise its discretion before deciding whether a particular remedy at law is adequate. *See*, *e.g.*, *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 551–52 (Tex. Crim. App. 1987) (discussing the adequacy of reviewing pretrial discovery orders through appeal). In addition, equitable principles are necessarily involved when we consider whether mandamus should issue. *See Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941).

*Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987).

Lufkin's only other possible alternative remedy to the trial court's order is direct appeal to the court of appeals after a third trial. Under the extraordinary circumstances of this case, requiring the parties to endure a third trial before appellate review of the order for new trial is not "equally convenient [or] beneficial" as mandamus; rather, it is "tedious, burdensome, slow [and] inconvenient." *See id.* Accordingly, we find Lufkin has no adequate remedy by appeal.

*(2)    The Trial Court's Reasons for Granting a New Trial Are Reviewable on Appeal*

Here, the trial court gave several specific reasons for granting a new trial. Lufkin argues that the trial court's reasons are not supported by the record. Baker contends that, as long as the trial court's reasons are specific enough to meet the requirements of *In re Columbia Medical*

4

*Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding),[2] they are

unreviewable.   Although we find no explicit binding precedent on the subject, we disagree.

While a trial court has significant discretion in granting new trials, the Texas Supreme

Court recently held that a trial court must specify the reasons it disregarded the jury's verdict by

granting a new trial.[3]  *Id*. at 212–15.   "The reasons should be clearly identified and reasonably

specific.   Broad statements such as 'in the interest of justice' are not sufficiently specific."  *Id.* at

215.   The court's majority opinion explained that, while a trial court has considerable discretion

in granting a new trial, that discretion has limits.  *Id*. at 210.   That "discretion should not, and

does not, permit a trial judge to substitute his or her own views for that of the jury without a valid

basis."   *Id*. at 212.   By stating that the trial court must have a "valid basis" for granting a new

trial, the Court is, in effect, authorizing appellate review of the reasons given.   Otherwise, who is

to say whether the reasons given are "valid"?

Even if we read too much into the Texas Supreme Court's words, there is a further basis for

having appellate review of the reasons given for the new trial.   The law does not require a vain or

---

[2]Here, there is no dispute that the trial court's reasons for granting a new trial are sufficiently specific to meet the
requirements of *Columbia Medical Center*.

[3]In *Columbia Medical Center*, the Texas Supreme Court pointed out that, although the standards for setting aside a
jury verdict were different for a trial court than for a court of appeals, "there is no meaningful difference to the parties
between an appellate court reversing a judgment based on a jury verdict and a trial court setting the verdict aside or
disregarding it.   The end result is that the prevailing party loses the jury verdict and the judgment, or potential
judgment, based on it*."  Columbia Med. Ctr.*, 290 S.W.3d at 211–12.   An appellate court has always been required to
detail the evidence given in support of and against a verdict when setting a verdict aside for want of evidence but the
trial court has not been traditionally required to do so.   It is noted that the federal system and some forty other States
require that a trial court explain its reasoning in disregarding a jury finding to assure that the trial court "does not
simply substitute [its] judgment for that of the jury, thus depriving the litigants of their right to trial by jury."   *Id*. at
212 (quoting *Scott v. Monsanto Co*., 868 F.2d 786, 791 (5th Cir. 1989)).

useless act. *See City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987) (stating the equitable maxim that "a court should not require the doing of a useless thing"). If we were to determine that the trial court's reasons for granting a new trial were not reviewable on appeal, we would be saying that the court's requirement that a trial court give reasons for its ruling was a useless requirement.

Among the rationales used by the Texas Supreme Court in requiring trial courts to express reasons for granting new trials are that the requirement enhances respect for the rule of law, provides transparency for the legal system, and respects expectations of parties and the public from a jury trial. *Columbia Med. Ctr.*, 290 S.W.3d at 213. Each of those purposes is supported by making the reasons reviewable; each element is sullied by having any reasons be unreviewable.

We conclude, therefore, that the trial court's reasons for granting a new trial are subject to appellate review.

> *(3)     The Trial Court Was Within Its Discretion, on at Least One Ground, in Granting a New Trial*

Here, the trial court granted a new trial based on (1) juror inattention, (2) length of jury deliberations, (3) the exclusion of evidence, (4) newly discovered evidence, (5) the injection of inadmissible evidence before the jury,[4] and (6) the interest of justice and fairness. So long as the trial court is within its discretion to grant a new trial for even one of its stated reasons, the order

---

[4]Lufkin asserts that Baker failed to preserve this basis for our review. However, in civil cases, our procedural rules expressly permit a trial court to grant a new trial on its own motion for any good cause. TEX. R. CIV. P. 320. Here, in granting a new trial, the trial court acted "on its own Motion and on the Motion of [Baker]."

6

granting a new trial will be affirmed and mandamus relief will be denied. Here, because we find the trial court was within its discretion in at least one of its stated reasons for granting a new trial, we need not review the remaining reasons given.

In detailing its reasons, the trial court stated:

The Defendant showed an unredacted copy of the police report to the Jury that informed them that the two children in the back seat of the Ford Taurus were not restrained. This was directly contrary to the Court's ruling on this admissibility of this matter. Having seen the effect that this had, the Court believes that [a] new trial is warranted on this basis. . . .

. . . The Defendant displayed a photograph of the backseat [sic] of the Ford Taurus and speculated that items in the rear seat indicated that the driver was inattentive at the time leading up to this collision. . . . [T]he court believes this inexcusable conduct nevertheless constitutes prejudice and harm necessitating a new trial.

Lufkin did not indicate to the jury that the children were unrestrained, but did point out a mascara container that appeared in the photograph of the back seat floorboard of the car and asked whether "putting on makeup in a vehicle" was "a distraction."

Trial courts are allowed "great discretion" in the granting of new trials. *Id.* at 214. Trial judges have the benefit of observing the dynamics and atmosphere of the courtroom as well as the demeanor, tone, and tenor of witnesses, attorneys, and jurors—factors that may not be reflected in the record. *See Murff v. Pass*, 249 S.W.3d 407, 411 (Tex. 2008) (per curiam) (citing *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 753 (Tex. 2006)); *see also Columbia Med. Ctr.*, 290 S.W.3d at 220 (O'Neill, J., dissenting). Similarly, in jury voir dire issues, the Supreme Court of Texas has noted that an interpretation of juror behavior "turns on the courtroom context, and

7

perhaps the looks on their faces." *Hyundai Motor Co.*, 189 S.W.3d at 755. We believe the same to be applicable in this case.

Here, the trial court reviewed "the pleadings and evidence" as well as "its own notes from the proceedings," and it noticed the "effect" of and "prejudice and harm" caused by the inadmissible police report and Lufkin's statements to the jury regarding the driver's possible inattention. Affording great discretion to the trial court in its firsthand observations and viewing the record in the light most favorable to the trial court's ruling, we find that the trial court was within its discretion to grant a new trial because of the inadmissible evidence being shown and argued to the jury.

We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice


CONCURRING OPINION

While I agree with the court's conclusion in this case, I am concerned that we are initiating an improper process of review of a trial court's order granting a new trial.

The granting of a new trial cannot be reviewed and scrutinized in the same way as many other actions of the judge; it is a decision by the judge that something occurred during the trial to

8

skew the trial process. This may be based on one major event or it may be a series of minor incidents that coalesce to interfere with the advocacy process. Only the trial judge is in a position to make this call after being intimately involved in every aspect of the trial. I think it is a mistake to attempt to review this decision with the same prism as reviewing an evidentiary ruling. Such an order comes from the trial judge's experience, understanding of the case, and even a feel for what occurred at trial. It does not lend itself to the usual appellate review process; perhaps that is the reason the law of this State has for generations authorized this action without review.

Even from a cynical viewpoint, we must recognize that a trial judge has a docket to manage and the last thing the judge wants is a retrial of a two-month case. If the judge grants a new trial, we should be well assured that the judge earnestly believes a new trial is essential; that decision should be given great deference.

For us to consider the mandamus, there must be no other adequate remedy. Two aged civil cases and a criminal case are the only authorities cited to support such a finding. Neither of the civil cases discusses whether an ordinary appeal is an adequate remedy. In *Houston & T.C. Ry. Co. v. City of Dallas*, 98 Tex. 396, 84 S.W. 648 (1905), the issue was whether the enforcement of one city ordinance rather than another was an adequate remedy. Likewise, *City of Highland Park v. Dallas Ry. Co.*, 243 S.W. 674 (Tex. Civ. App.—Dallas 1922, writ ref'd), involved an issue of whether the city had the right to enforce, by mandamus, a statute requiring the railway company to make certain installations. Neither of these cases sheds light on whether an ordinary appeal is

an adequate remedy. If the question is simply whether mandamus is more convenient, the usual appeal process may become a relic.

But the more basic question is what is an appellate court to do with a trial court order granting a new trial when the trial judge has complied with *Columbia Medical Center*[5] and specifically stated reasons for granting the new trial? We know that the trial court has a different set of rules for overturning a jury verdict than an appellate court. *Columbia Med. Ctr.*, 290 S.W.3d at 211. There are valid reasons for requiring a different standard for the two: the trial court has listened and watched every witness, is involved in the dynamics of the trial, has observed the jury, whereas the appellate court reads volumes of typed transcript. Here, the trial judge gave principled reasons for granting the new trial and did not rely on a simple "in the interest of justice" ground. For instance, one of the reasons stated was juror inattention. Is it necessary to establish in the record juror inattention, or do we trust the trial judge's evaluation? Are trial judges required to act as advocates and "protect the record" to preserve every possible reason that might be given as the ground for granting the new trial, or is it more important that judges continue their core function of conducting and ensuring a fair trial?

If it is our duty to review the record, even that is impossible since we do not have a full record; our record consists of an appendix containing what must be very minor portions of a two-month trial. Lufkin has brought this mandamus action, so it is logical that, at a minimum, it has the burden to prove that the trial judge's reasons for granting the new trial are not supported in the

---

[5]*In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009).

record. Since we do not have a full record, how can we find that Lufkin has shown the evidence will not support the trial judge's finding? Generally when a full record is not before us, we presume the missing portion of the record contains evidence to support the trial court's determinations. *Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996); *In re Estate of Arrendell*, 213 S.W.3d 496, 503 (Tex. App.—Texarkana 2006, no pet.). Ultimately, this attempt to review the record will not result in an expeditious disposition as trial attorneys will insist that a full record be prepared which will cause delay and prohibit a speedy new trial. The participants will be engaged in appellate practice rather than retrying the case.

When such a review is attempted, how do we determine if a trial judge has abused his or her discretion? Here, we sustained the granting of the new trial because we found that some evidence was improperly presented to the jury. The rejoinder argument is: that evidence was inconsequential in a two-month trial. May a trial judge grant a new trial even if the inadmissible evidence, on review, is found to be harmless? We are beginning a process of review for which no guidelines exist. Must a reversible error be presented before the trial judge can grant a new trial? If not, upon what basis are we deciding other than the rule that has been followed in this State for decades—we grant discretion to the trial judge.

The majority opinion acknowledges that trial judges are in a position to observe factors that may not be in the written record and accords great discretion to the judge. When a trial judge has complied with *Columbia Medical Center* and given specific plausible reasons for determining that

11

good cause exists to grant a new trial, we should defer to that finding based on the trial judge's unique position to evaluate the trial and the authority granted by Rule 320.   TEX. R. CIV. P. 320.

I concur with the judgment.

Jack Carter
Justice

Date Submitted:     July 7, 2010
Date Decided:       July 8, 2010

12