

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00003-CV
_____

IN RE:   ANNA C. SMITH

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

The instant case is on a petition for writ of mandamus, seeking to have us direct the trial court to set aside an order granting a new trial and to reinstate a take-nothing judgment.

There is a theory of remote consequences called the "butterfly effect."[1] Under this theory, the proponents postulate that the movement of the wings of a butterfly somewhere in Africa could generate minute disturbances of air. That flutter of air would join with other like movements, generating a breeze. That breeze would combine with others to create winds. Those winds could compel further disruptions in the movement of air (and so on), eventually leading to greater and greater volume and velocity, which finally result in a massive Atlantic hurricane. We believe that the case of *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009), may have been interpreted by the applicant as the butterfly wings to prompt the filing of this petition for writ of mandamus and thus make a substantial change in the law. We do not agree.

*Background*

Jason Allen Boyd and Anna C. Smith were involved in an automobile collision and Boyd brought suit against Smith for the property damage he had sustained. The jury returned a verdict for the defense, finding in one broad-form jury question that Boyd's negligence proximately

---

[1]Stemming from the work of James Clerk Maxwell and Henri Poincaré, and later popularized by Edward Lorenz, the term "butterfly effect" is based in chaos theory and sensitive dependence on the initial conditions of complex systems. The idea that one butterfly could eventually have a far-reaching ripple effect on subsequent events first appeared in Ray Bradbury's 1952 short story, *A Sound of Thunder*.

caused the collision. After having first entered a take-nothing judgment, the trial court granted Boyd's motion for new trial, specifying no reason for its action in having done so. Smith filed a petition for writ of mandamus, asking this Court to order the trial court to specify its reasons for the grant of the new trial. Before this Court had an opportunity to rule on the petition, an amended order was entered wherein the trial court stated that it had granted the new trial because the jury's finding that Boyd's negligence proximately caused the collision was "so contrary to the great weight and preponderance of the evidence in this case as to be clearly wrong and manifestly unjust." Smith's petition for mandamus relief was then denied by this Court as moot.

Smith now has filed a new petition for writ of mandamus which seeks to have this Court compel the trial court to vacate its order granting a new trial and reinstate the take-nothing judgment. Smith has provided us with a record of the one-day trial. In this newer petition, Smith presents four points, each of which allege (and rest upon the premise of) an abuse of discretion on the part of the trial court in granting the new trial: (1) that neither the trial court's order nor the record support the grant of a new trial; (2) that the reasons given for granting a new trial are erroneous or implausible; (3) that the action in granting a new trial leaves Smith with no adequate remedy on appeal; and (4) that the granting of a new trial deprives Smith of the constitutional right to have a jury decide the case.[2]

---

[2]We discuss the first two points together. Because we find no clear abuse of discretion, we need not address the other points of error.

We deny the petition for writ of mandamus because there was no clear abuse of discretion by the trial court in granting a new trial.

*There Is No Clear Abuse of Discretion*

The trial court's order granting Boyd's motion for new trial states, in pertinent part:

> This Court, having considered Plaintiff, Jason Allen Boyd's Motion for New Trial, and all arguments of counsel, is of the opinion that the Motion should be granted.
>
> At trial, Plaintiff established through Defendant Anna C. Smith's testimony that (1) the Defendant failed to maintain a proper lookout while backing her vehicle from a private driveway and (2) the Defendant did not have, and failed to yield, the right-of-way at the time of the motor vehicle accident at issue.
>
> On the issue of Defendant's negligence, Defendant offered the testimony of Louis Smith, a witness who did not observe the accident at issue. Defendant also offered her own testimony, as well as that of Amber Smith, a passenger in the vehicle, that the Defendant and passenger checked for oncoming traffic before backing the vehicle. The Defendant and Ms. Smith's testimony did not controvert Plaintiff's evidence that the Defendant failed to *maintain* a proper lookout *while* backing the vehicle.
>
> In Question 1 of the Charge of the Court, the jury was asked, "Did the negligence, if any, of those below proximately cause the occurrence in question?" The jury answered in the affirmative for Plaintiff Jason Allen Boyd and in the negative for Defendant Anna C. Smith.
>
> Having detailed all the relevant evidence regarding Defendant Anna C. Smith's negligence, the Court finds that the jury's finding in Question 1 is so contrary to the great weight and preponderance of the evidence in this case as to be clearly wrong and manifestly unjust.
>
> It is, therefore, ORDERED, that Jason Allen Boyd's Motion for New Trial is granted.

In his first and second points of error, Smith argues that the trial court abused its discretion in granting the new trial because its reasons for doing so are invalid, unsupported by the record, erroneous, and implausible.

Mandamus is an extreme remedy. We may issue a writ of mandamus only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Columbia*, 290 S.W.3d at 207; *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding) (per curiam).

In *Columbia*, the Texas Supreme Court held that a trial court abused its discretion by failing to specify the reasons for its decision granting a new trial when the only reason stated was that the grant of a new trial was "in the interest of justice." *See Columbia*, 290 S.W.3d at 213; *In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d 861, 861–62 (Tex. 2009) (orig. proceeding). The court concluded in *Columbia* that "the parties and public are entitled to an understandable, reasonably specific explanation why their expectations [that a jury verdict will close the trial process] are frustrated by a jury verdict being disregarded, or set aside, the trial process being nullified, and the case having to be retried." *Columbia*, 290 S.W.3d at 213. The court conditionally granted mandamus relief, and directed the trial court judge to specify its reasons for granting a new trial.[3] *Id.* at 215. After the *Columbia* decision, an order which grants a new trial,

---

[3]Because the *Columbia* trial court's order did not include the reasons for its ruling, the court expressly declined to consider the relator's petition for writ of mandamus directing the trial court to enter judgment on the verdict. *Columbia*, 290 S.W.3d at 214.

but which fails to specify the reasons for its grant, is subject to correction by mandamus. *See E.I. du Pont de Nemours & Co.*, 289 S.W.3d at 862.

Here, as demonstrated in our quotation of the trial court's order, there is no question that the trial court specified its reasoning in granting Boyd's motion for new trial, thereby satisfying the specificity and transparency requirements of *Columbia*. However, Smith argues that the Texas Supreme Court's analysis in *Columbia* and its references to "proper reasons" and a "valid basis" authorizes or dictates a review of the record in order to determine whether the stated grounds are meritorious. Smith also cites to our opinion in *In re Lufkin Industries*, *Inc.*, 317 S.W.3d 516 (Tex. App.—Texarkana 2010, orig. proceeding), to support her argument. However, we disagree that either *Columbia* or *Lufkin* authorizes or mandates such a merit-based review on mandamus.

In *Lufkin*, we held that "by stating that the trial court must have a 'valid basis' for granting a new trial, the Court is, in effect, authorizing appellate review of the reasons given." 317 S.W.3d at 520.

In *Columbia*, the Texas Supreme Court firmly reiterated and reaffirmed the trial court's broad, but not "limitless," discretion in granting new trials.[4] *See Columbia*, 290 S.W.3d at 209, 212 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex. 1985) (orig. proceeding)). The Texas Supreme Court's expressed purpose for the requirement of stating an "understandable, reasonably specific explanation" for the grant of a new trial was to support via

---

[4]In *Columbia*, the court noted the two instances when a trial court's new trial order is subject to review by regular appeal: (1) when the court's order is void; and (2) when the trial court erroneously concluded that the jury's answer to special issues contained an irreconcilable conflict. *Columbia*, 290 S.W.3d at 209.

6

the transparency that such explanation would provide the public perception of fairness in the judiciary. *See Columbia*, 290 S.W.3d at 213. The court also noted the trial court's role as arbiter of motions for new trial under Rule 320 of the Texas Rules of Civil Procedure and expressly declined to define "good cause" in the context of the rules governing new trial orders except to note that the significance of the right to a jury trial "counsels against courts setting aside jury verdicts for less than specific, significant, and proper reasons." *Columbia*, 290 S.W.3d at 210 n.3. It is the reference to "proper reasons" and "valid basis" that Smith argues indicates the Texas Supreme Court's intent for the mandamus review authorized under *Columbia* also includes review of the merits of the grounds stated in a new trial order. *Id.* at 212.

In *Lufkin,* this Court stated that the reasons given for the new trial were subject to appellate review. The relator here argues that when we allowed an appellate review of the reasons the trial court gave for granting the new trial, we were effectively authorizing a sufficiency of the evidence review. If that was the interpretation of our previous statement, we now will attempt to further explain our understanding of the proper "appellate review" of a trial court's order granting a new trial.

In *Lufkin*, we determined that one of the reasons given by the trial court for having granted a new trial met the Texas Supreme Court's test and had a valid basis. Although we determined that some type of review was authorized, we did not suggest the appellate review authorized a full review of the sufficiency of the evidence. In *Lufkin*, the trial court found, among other reasons,

7

that in violation of the court's ruling, an unredacted police report was submitted to the jury which informed the jurors that the children in the back seat of the automobile were unrestrained. The fact that the improper evidence was introduced was not in dispute. We further noted that the trial court observed the effect that this improper evidence had on the jury. We commented on the unique opportunity which the trial judge held to observe the "dynamics and atmosphere of the courtroom as well as the demeanor, tone, and tenor of the witnesses, attorneys, and jurors--factors that may not be reflected in the record." *Lufkin*, 317 S.W.3d at 521. The trial court's stated reason for the new trial involved an event that occurred during the trial and the resulting effect of that event. Only a trial court was in a position to observe the event and measure the impact the improper evidence had on the jury.

We also pointed out that the trial court indicated it had reviewed its own notes and noticed the "effect" of and "prejudice and harm" caused by the inadmissible evidence. *Id.* After such a review, we recognized the great discretion of the trial court and its unique position to make firsthand observations; we found that the decision to grant the new trial was within that discretion. Never in *Lufkin* did we state the proposition that relator now argues: that the appellate court should review the entire record, as in an ordinary appeal, in our mandamus review. If our statements were construed in that manner, we take this opportunity to clarify them. We cannot, in a mandamus proceeding, explore every nook and cranny of the evidence as if we were reviewing an ordinary appeal. In this proceeding, the relator is requesting this Court to review all of the

8

evidence and make a determination of whether it supports the trial court's stated reasons just as if we were reviewing an ordinary appeal on the merits. We do not believe this is the procedure the Texas Supreme Court intended in a mandamus proceeding and we decline the invitation to do so.

Given *Columbia*'s reaffirmation of a trial court's broad discretion in these circumstances as discussed above, we do not agree that the passing references in that case to "proper reasons" and "valid" bases indicate the Texas Supreme Court's intention to add a merits review of the grounds stated in an order which otherwise satisfies the specificity requirement. Such an interpretation would be tantamount to creating an avenue for an interlocutory appeal of an order granting a new trial under the guise of a mandamus proceeding. Heretofore, such a review has long been held to be afforded only on appeal from a final judgment. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding) (per curiam). The recent requirement that the trial court state its reasons for granting a new trial serves at least two valid functions: (1) the disclosure makes the judicial process more transparent, and (2) it points out to the participants in the trial the problems the trial judge perceived in the original trial so that the participants can work to avoid the perceived errors when the case is tried again. We do not believe that it was the intention of the Texas Supreme Court in announcing its decision in *Columbia* to create a back door via mandamus proceedings for interlocutory appeals of that nature.

In this case, it cannot be said that the trial court's order fails to serve the goal of judicial transparency cited in *Columbia*, and that as such, the order serves to bolster the perception that this

9

jury verdict was not set aside lightly.  *See Columbia*, 290 S.W.3d at 211.   Because the new trial order in this case satisfied the requirements of *Columbia*, Smith has not demonstrated a clear abuse of discretion.

Accordingly, we deny Smith's petition for mandamus relief.


Bailey C. Moseley
Justice

Date Submitted:     February 3, 2011
Date Decided:       February 4, 2011