

# NUMBER 13-13-00086-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STATE OF TEXAS EX REL. MARK SKURKA

### On Petition for Writ of Mandamus and
### Writ of Prohibition.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes[1]

Through this original proceeding, relator, the State of Texas ex rel. Mark Skurka, seeks to: (1) compel the trial court to vacate its order granting a new trial; and (2) prohibit the court from proceeding to trial on an invalidly granted motion for new trial. For the reasons stated herein, we conditionally grant the petition for writ of mandamus and deny the petition for writ of prohibition.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

The underlying matter comprises a civil forfeiture proceeding.  On November 30, 2010, the State filed its original petition and notice of seizure and intended forfeiture of a 2004 Lincoln Navigator.  The State asserted a right to the forfeiture of the vehicle as contraband under the Texas Code of Criminal Procedure.  *See* TEX. CRIM. PROC. CODE ANN. art. 59.02(a) (West Supp. 2011).  The petition identified Miguel Angel Herrera as the owner of the vehicle and identified his last known address as 3325 Brawner Parkway, Corpus Christi, Texas.

On December 3, 2010, the State attempted to serve Herrera with the lawsuit by certified mail, but the mail was returned unclaimed.  On April 4, 2011, the State attempted to serve Herrera personally by a Deputy Nueces County Constable, but the return of service indicated that, according to a neighbor, Herrera had moved and had not left a forwarding address.  From July 8, 2011 to August 8, 2011, the State posted citation at the Nueces County Courthouse.

On November 2, 2011, the State moved for a default judgment and filed a certificate of last known address for Herrera.  The trial court appointed an attorney ad litem to represent Herrera.  On November 16, 2011, the trial court granted the default judgment in favor of the State.  On or about October 3, 2012, Herrera filed a motion for new trial on grounds, inter alia, that the State's affidavit in support of its motion for default judgment was insufficient under article 59.04(c), and that the State failed to use due diligence to serve Herrera given that he was incarcerated in the Nueces County jail from June 25, 2011 to August 3, 2011.  *See id.* art. 59.04(c) (West Supp. 2011).[2]

---

[2] Article 59.04(c) governs the seizure of motor vehicles and specifies the procedures for service of citation and default judgments.  TEX. CRIM. PROC. CODE ANN. art. 59.02(a) (West Supp. 2011).  If there

Herrera contended that the State should have been able to locate and serve him with the lawsuit given that he was incarcerated in the State's custody. Herrera further alleged that he had been under the jurisdiction of the State since December of 2001, when he was placed on ten years' probation, and could have been served with process at his probation meetings or at court hearings held on July 28, 2011 and August 1, 2011. Herrera supported his motion for new trial by affidavit.[3]

On December 17, 2012, the trial court began a hearing on the motion for new trial, but pursuant to the trial court's belief, as stated on the record, that the Texas Department of Public Safety ("TDPS") was a necessary party, it reset the hearing for an indefinite date contingent on serving the TDPS. On January 16, 2013, the trial court granted the motion for new trial without further hearing. The order granting a new trial does not specify the reasons for granting a new trial. By separate order, the trial court set the case for trial.

This original proceeding ensued. In its first issue, relator contends the trial court clearly abused its discretion in granting a new trial in the absence of proof necessary to justify a new trial, without giving the State the opportunity to present evidence or controvert any of the allegations in the motion for new trial, and without specifying the

is "reasonable cause" to believe that the vehicle has been registered in Texas, the attorney for the State must ask the Texas Department of Motor Vehicles to identify the record owner of the vehicle and any interest holder. *Id.* If the addresses of the owner and interest holder are not otherwise known, the attorney for the State must request citation to be served at the addresses listed with the Texas Department of Motor Vehicles. *Id.* If the citations issued to such addresses are returned unserved, the attorney for the State must post a copy of the notice of the seizure and intended forfeiture at the courthouse door for a period of not less than 30 days. *Id.* If the owner or interest holder does not answer or appear after the notice has been posted for the required period of time, the court shall enter a default judgment, provided that the State's attorney "files a written motion supported by affidavit setting forth the attempted service." *Id.*

[3] The affidavit, which was attached to the motion for new trial, is referenced both in the petition for writ of prohibition and writ of mandamus and the response thereto, but does not appear in the record before us. The State alleges that the affidavit includes only factual allegations regarding Herrera's period of incarceration.

3

ground on which it granted a new trial. In its second issue, relator contends the trial court clearly abused its discretion by granting a motion for new trial in the absence of a party it deemed to be necessary to the proceeding. The Court requested and received a response to the petition for writs of mandamus and prohibition from Herrera.

## II. STANDARD FOR RELIEF BY WRIT OF MANDAMUS

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, *L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from

4

final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.*

## III. STANDARD FOR RELIEF BY WRIT OF PROHIBITION

A writ of prohibition in an appellate court is a "creature of limited purpose." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding). The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682–83 (Tex. 1989). The writ issues only to prevent the threatened commission of a future act. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 435 (Tex. Crim. App. 1987). A writ of prohibition has three functions: (1) preventing interference with higher courts in deciding a pending appeal; (2) preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *In re Lewis*, 223 S.W.3d at 761; *Tex. Capital Bank-Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex. App.—Corpus Christi 1991, orig. proceeding). A writ of prohibition is an "extraordinary" proceeding and should be used "sparingly." *Guerra v. Garza*, 987 S.W.2d 593, 594 (Tex. Crim. App. 1999). To that end, the party seeking a writ of prohibition must demonstrate: (1) that it has no other adequate remedy at law; and (2) that it is clearly entitled to the relief sought. *In re Lewis*, 223 S.W.3d at 761.

**IV. ANALYSIS OF PETITION FOR WRIT OF MANDAMUS**

We first address that part of relator's first issue in which it contends that the trial court clearly abused its discretion in granting a new trial without specifying its reasons for doing so. The Texas Rules of Civil Procedure recognize that the trial court has the power to grant a motion for new trial "for good cause." *See* TEX. R. CIV. P. 320. The Rules also specifically allow the trial court to grant a motion for new trial in cases where judgment has been rendered on service of process by publication, when the defendant has not appeared in person or by attorney of his own selection. *See id.* R. 329(a). In such cases, the court may grant a motion for new trial "upon petition of the defendant showing good cause, supported by affidavit." *Id.*

With limited exceptions, an order granting a motion for new trial is an interlocutory order that is generally not reviewable by mandamus or on appeal following a final judgment. *See Wilkins v. Methodist Heatlh Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984). However, the Texas Supreme Court has held that an order granting a new trial is subject to mandamus review if the trial court did not specifically state its reasons for granting the new trial. *In re United Scaffolding, Inc.*, 301 S.W.3d 661, 662 (Tex. 2010) (orig. proceeding) (per curiam); *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 212–13 (Tex. 2009) (orig. proceeding); *In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d 861, 862 (Tex. 2009) (orig. proceeding). Thus, while the trial court has significant discretion to grant a new trial, the trial court is required to specify its reasons for ordering a new trial. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 212–13. In so holding, the Texas Supreme Court reasoned that "the parties and public are

6

entitled to an understandable, reasonably specific explanation why their expectations [that a jury verdict will close the trial process] are frustrated by a jury verdict being disregarded, or set aside, the trial process being nullified, and the case having to be retried." *Id.* at 213. Consequently, the court held that the "reasons [for granting a new trial] should be clearly identified and reasonably specific," and further directed that "[b]road statements such as 'in the interest of justice' are not sufficiently specific." *See id.* at 215.

In 2010, the supreme court reiterated its directive that orders granting new trials must specifically identify the grounds warranting a new trial. *In re United Scaffolding, Inc.*, 301 S.W.3d at 662 (granting mandamus relief regarding an order granting a new trial "in the interest of justice and fairness"). Following the supreme court's directives, the intermediate courts of appeals have likewise found similar orders granting new trials to be insufficiently specific. *See, e.g., In re Hunter*, 306 S.W.3d 422, 423 (Tex. App.—Dallas 2010, orig. proceeding); *In re C.R.S.*, 310 S.W.3d 897, 898 (Tex. App.—San Antonio 2010, orig. proceeding); *In re Carrizo Oil & Gas Co.*, 292 S.W.3d 763, 764 (Tex. App.—Beaumont 2009, orig. proceeding); *see also In re Smith*, No. 02-10-00173-CV, 2010 Tex. App. LEXIS 4641, at **1–2 (Tex. App.—Fort Worth June 17, 2010, orig. proceeding) (mem. op.).

In the instant case, the order granting a new trial does not specifically state the trial court's reasons for granting the new trial. Based on the foregoing analysis, the trial court's failure to disclose its reasons for granting a new trial was an arbitrary and impermissible abuse of discretion. *In re United Scaffolding, Inc.*, 301 S.W.3d at 662; *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 209–10, 213; *In re E.I. du Pont de*

7

*Nemours & Co.*, 289 S.W.3d at 862. Accordingly, we sustain this portion of relator's first issue.

In the remainder of its first issue, relator contends that the trial court abused its discretion in granting a new trial in the absence of proof necessary to justify a new trial and without giving the State the opportunity to present evidence or controvert any of the allegations in the motion for new trial. In its second issue, relator contends the trial court clearly abused its discretion by granting a motion for new trial in the absence of a party it deemed to be necessary to the proceeding. In this regard, we note that relator asserts that one court of appeals "has interpreted *Columbia* as implicitly requiring not only that the trial court state its reasons for granting a new trial, but that those reasons must constitute a valid basis for doing so." Relator cites *In re Lufkin Industries, Inc.,* 317 S.W.3d 516, 520 (Tex. App.—Texarkana 2010, orig. proceeding), in support of its argument.[4]

We conclude that the remaining issues raised by relator are not susceptible to review by mandamus in this proceeding. In *Columbia*, the supreme court noted the two instances where an order granting a new trial is subject to review by regular appeal: (1) when the court's order is void; and (2) when the trial court erroneously concluded that the jury's answer to special issues contained an irreconcilable conflict. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 209. To date, the Texas Supreme Court has only provided for limited review of a trial court's order granting a new trial.

---

[4] The Texarkana Court of Appeals later clarified its holding in *Lufkin Industries. See In re Smith*, 332 S.W.3d 704, 708–09 (Tex. App.—Texarkana 2011, orig. proceeding) ("Given *Columbia*'s reaffirmation of a trial court's broad discretion in these circumstances as discussed above, we do not agree that the passing references in that case to "proper reasons" and "valid" bases indicate the Texas Supreme Court's intention to add a merits review of the grounds stated in [a new trial order] which otherwise satisfies the specificity requirement.") (discussing *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 212–13 (Tex. 2009) (orig. proceeding), and *In re Lufkin Ind., Inc.*, 317 S.W.3d 516, 520 (Tex. App—Texarkana 2010, orig. proceeding)).

8

*See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 686 (Tex. 2012) (orig. proceeding); *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 209–10. In the Texas Supreme Court's most recent decision on this issue, the court provided further guidance regarding mandamus review of an order granting a new trial. *See In re United Scaffolding Inc.*, 377 S.W.3d at 687–89. The court held that a trial court does not abuse its discretion in granting a new trial so long as its stated reason is: (1) a reason for which a new trial is legally appropriate, such as the breach of a well-defined legal standard or a defect in trial that probably resulted in an improper verdict; and (2) specific enough to indicate that the trial court did not "simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand." *Id.* Thus, an order granting a new trial may amount to a clear abuse of discretion if the given reason, specific or not, is not one for which a new trial is legally valid. *See id.* An order granting a new trial may also amount to a clear abuse of discretion if the articulated reasons plainly show that the trial court "merely substituted its own judgment for the jury's," or "simply disliked one party's lawyer," or that "the reason is based on invidious discrimination." *Id.*

In the case at hand, the trial court has not articulated any rationale for granting the new trial and it would be inappropriate for us to attempt to predict any rationale at this point. In short, any review of the potential reasons for granting a new trial would be premature. *See In re Cohen*, 340 S.W.3d 889, 899–900 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio

9

2004, orig. proceeding).[5]  Accordingly, the remainder of relator's first issue and its second issue are overruled.

## V. ANALYSIS OF PETITION FOR WRIT OF PROHIBITION

Relator has asked that we "prohibit the trial court from proceeding to trial on the invalidly granted motion for new trial."  We disagree that a writ of prohibition should issue in this case.  First, a writ of prohibition is not necessary to protect this Court's jurisdiction.  A related appeal is not pending before this Court and the trial court's actions do not threaten our jurisdiction over any related case.  *See, e.g., In re Lewis,* 223 S.W.3d at 761.  The trial court is not entertaining a suit which will relitigate a controversy that has already been settled.  *See id.*  And further, it does not affirmatively appear that the trial court lacks jurisdiction over this case.  *Id.*

Given that a writ of prohibition is an "extraordinary" proceeding that should be used "sparingly," we conclude that relator has not demonstrated that it is clearly entitled to the relief sought and that it has no adequate remedy at law.  *Guerra*, 987 S.W.2d at 594; *In re Lewis*, 223 S.W.3d at 761.  We deny the petition for writ of prohibition.

---

[5] In *Columbia*, the supreme court noted the two instances where an order granting a new trial is subject to review by regular appeal:  (1) when the court's order is void; and (2) when the trial court erroneously concluded that the jury's answer to special issues contained an irreconcilable conflict.  *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 209.  To date, the Texas Supreme Court has only provided for limited review of a trial court's order granting a new trial.  *See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 686 (Tex. 2012) (orig. proceeding); *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 209–10.  In the Texas Supreme Court's most recent decision on this issue, the court provided further guidance regarding mandamus review of an order granting a new trial.  *See In re United Scaffolding Inc.*, 377 S.W.3d at 687–89.  The court held that a trial court does not abuse its discretion in granting a new trial so long as its stated reason is:  (1) a reason for which a new trial is legally appropriate, such as the breach of a well-defined legal standard or a defect in trial that probably resulted in an improper verdict; and (2) specific enough to indicate that the trial court did not "simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand."  *Id.*  Thus, an order granting a new trial may amount to a clear abuse of discretion if the given reason, specific or not, is not one for which a new trial is legally valid.  *See id.*  An order granting a new trial may also amount to a clear abuse of discretion if the articulated reasons plainly show that the trial court "merely substituted its own judgment for the jury's," or "simply disliked one party's lawyer," or that "the reason is based on invidious discrimination."  *Id.*

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that relator has shown itself entitled to the relief sought as it pertains to the trial court's failure to specify its reasons for granting the new trial. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant relator's petition for writ of mandamus and we direct the trial court to issue an order specifying its reasons for ordering a new trial within fourteen days. We are confident that the trial court will comply, and the writ will issue only if the trial court fails to do so. All other relief sought by petition for writ of mandamus or prohibition is denied.

JUSTICE GREGORY T. PERKES

Delivered and filed the
4th day of March, 2013.

11