JACK CARTER, Justice,
concurring.
“New trials may be granted and judgment set aside for good cause, on motion or on the court’s own motion on such terms as the court shall direct.” Tex.R. Civ. P. 320.
As predicted in a concurring opinion in In re Lufkin Industries, Inc., 317 S.W.3d 516, 521 (Tex.App.-Texarkana 2010, orig. proceeding), mandamus actions now allow a full-scale review of the sufficiency of the evidence in determining whether the trial court had “good cause” to grant a new trial. We no longer need to decide if an adequate remedy by appeal exists — mandamus now serves as an appeal. Trial judges have been relegated to serving as umpires of the trial, without authority to exercise their inherent judicial discretion.
Understanding that our Supreme Court has approved of a full-fledged factual and legal sufficiency review of the basis for a new trial, I must concur in this opinion. However, I am very concerned about other situations. Does the trial court clearly abuse its discretion in granting a new trial when one party interjected highly-prejudicial evidence that had been excluded? In such a case, merely reading the record will not illustrate the dynamics of the courtroom, the impact of the evidence, or the reaction of the participants and the jury. With the requirement of an appellate review of every new trial order, the discretion of the trial courts inevitably will be eroded. I believe we will someday regret usurping this judgment and discretion from the trial courts.
I concur in the judgment.