A. F. LUSE ET AL V. THE STATE.

No. 23966. Delivered March 31, 1948.
Rehearing Denied May 19, 1948.

Murray J. Howze, of Monahans, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a bond forfeiture case.

Appellants, F. R. Wildman and J. N. Wildman, were sureties upon the $5,000.00 bail bond of A. F. Luse, under indictment for forgery, a felony, in the District Court of Pecos County.

The bond, dated October 29, 1946, contained the following:

"* * * if the said A. F. Luse shall well and truly make his personal appearance before said Court at its present term now in session to be held at the Court House of said County of Pecos, in the City of Ft. Stockton, Texas, instanter, and there remain from day to day and from term to term of said Court, until discharged by due course of Law, then and there to answer said accusation against him, this obligation shall become void; otherwise to remain in full force and effect."

After previous notice of the setting of the case for trial and the principal failing to appear, the bond was, on the 10th day of March, 1947, declared forfeited and judgment nisi entered.

Scire facias was duly issued, returnable September 8, 1947. Appellants were duly served, and answered on September 6, 1947. The answer was amended on September 23, 1947, and upon that amended answer the case went to trial.

The amended answer set forth as a defense that, at the time the bond was forfeited, the principal, A. F. Luse, was in "the State of California under a bond conditioned upon his appearance before a superior Court of the State of California at the times pertinent to this cause," and that it was impossible for him to appear before both courts at the same time.

After hearing, the judgment nisi was made final on October 15, 1947, from which this appeal has been perfected.

At the conclusion of the testimony, appellants filed a motion for judgment, claiming a fatal variance between the scire facias and the bond, in that the scire facias alleged the execution of a bond conditioned that the principal should make his appearance before the court on the 10th day of March, 1947, whereas the bond, as well as the judgment nisi, recited that the principal

was to appear instanter, and remain from day to day until finally discharged. In other words, it is contended that as the scire facias expressly alleged the principal was to appear upon a date certain—that is, March 10, 1947, the bond, as well as the judgment nisi, was required also to so allege, and in not doing so there was a fatal variance.

With this contention we cannot agree. The bond bound the principal to appear before the court instanter and from day to day thereafter until discharged by the court. Such, of necessity, included the date of the forfeiture. The judgment nisi recited that it was entered on the 10th day of March, 1947, the date alleged in the scire facias. We are unable to conclude, therefore, that there was a variance, as contended. Moreover, Art. 427, C. C. P. prescribes the requisites of a citation, in forfeited bonds, which is the scire facias in this case. Said article nowhere requires that the returnable date on the date the principal is required to appear be stated therein. It must be remembered that appellants appeared and answered in the case. No motion was made to quash the scire facias or citation.

Appellants filed a motion for a continuance because of the absence of F. R. Wildman, one of the appellants who, it was alleged, was sick in a hospital in another city and unable to attend court.

There is nothing in the motion showing that the appellant mentioned was in possession of any information or could testify as to any fact which would support the defenses urged. The motion was predicated solely upon the absence of the named appellant at and during the trial. The motion was addressed largely to the trial court's discretion.

In view of the limited defense relied upon, as also the record as a whole, there is nothing to show that the trial court abused his discretion or that the appellant was in any manner injured by the trial during his absence.

Finding no reversible error, the judgment of the trial court is affirmed.

Appellants having superseded the judgment of the trial court by a supersedeas bond, it is ordered that judgment be entered also against the sureties upon the supersedeas bond.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains because of the statement in our original opinion as follows:

"After previous notice of the setting of the case for trial and the principal failing to appear, the bond was, on the 10th day of March, 1947, declared forfeited and judgment nisi entered."

It is alleged in this motion that there was no setting of this cause as was the usual custom and usage and, therefore, that the cause was not properly reached and called on the trial court's docket. The bond sued upon was dated October 29, 1946, and bound the appellant Luse to appear instanter before said court and there remain from day to day and term to term until discharged by due course of law, etc.

The judgment of the court herein is dated March 10, 1947, and recites as follows:

"THIS DAY this cause was called for trial, and thereupon came THE STATE OF TEXAS by her District Attorney, but the Defendant A. F. Luse, failed to appear and answer in this behalf, and thereupon his name was called distinctly at the door of the Court House, and a reasonable time given him after such call was made in which to appear, yet the said Defendant came not, but wholly made default", etc.

On March 10, 1947, a judgment nisi was entered, such judgment to be made final at the next term of court unless good cause was shown therein why the defendant did not appear.

The undertaking in the bond required Luse to make his appearance instanter before such court and there remain from day to day, etc. We think it was his duty to thus appear, and when this case was called, to answer thereto. This he failed to do; hence the forfeiture of his bond. We see no reason why this judgment should not have been made final.

The motion for a rehearing will be overruled.