FLOYD CLAYTON EVANS ET AL V. STATE

No. 29,725. May 7, 1958.

*A. W. Salyars*, Lubbock, for appellant.

*William J. Gillespie*, County Attorney, *Alton R. Griffin*, Assistant County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is a bond forfeiture proceeding. The sole question presented for review is the correctness of the court's ruling in admitting the judgment nisi over the objection that there was a variance between it and the scire facias. The scire facias alleged that the case against the principal was set for March 28, 1957, and that he failed to appear, and that thereafter his bond was forfeited, while the judgment nisi recited that he did appear, plead not guilty, was found guilty, given ten days to file motion for new trial, failed to give notice of appeal, that a commitment was issued and returned unexecuted because the principal could not be found. The inconsistencies in the allegations are apparent.

The state concedes the variance but contends that the same was waived because the appellant failed to move to quash the scire facias.

In Williams v. State, 130 Texas Cr. Rep. 124, 92 S.W. 2d 1036, this court said, "It is the settled law of this State that the allegations in the pleading and the proof offered in support thereof must correspond." See also Scott v. State, 132 Texas Cr. Rep. 70, 102 S.W. 2d 434.

Luse, et al v. State, 152 Texas Cr. Rep. 104, 211 S.W. 2d 229, is not here controlling because the variance there noted was not in fact a variance at all because the date set in the judgment nisi of necessity included the date named in the scire facias.

Because of the variance between the proof and the pleading, the judgment is reversed and the cause remanded.