JAMES HAROLD HINES ET AL V. STATE.

No. 30,763. June 24, 1959.
Motion for Rehearing Overruled October 21, 1959.

*David Longoria,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from a bond forfeiture.

But one point is raised by appellants' brief which is the contention that the trial court erred in overruling their motion for new trial based upon a claimed material variance between the appearance bond and the judgment nisi, and the contention that the judgment is contrary to the evidence.

We find no statement of facts in the record.

Charged by complaint filed in justice court with the illegal possession of narcotic drugs, James Harold Hines was required to give bond in the sum of $3,000 for his appearance before Criminal District Court of Travis County.

On January 2, 1958, bond was entered into by Hines with David Longoria and John A. Mercado as sureties in said sum, conditioned that Hines make his personal appearance instanter before Criminal District Court of Travis County "and there remain from day to day and from term to term of said Court, until discharged by due course of law, then and there to answer said accusation against him."

The bond was approved on January 3, 1958.

Judgment nisi forfeiting such bond was entered on May 29, 1958, reciting that Cause No. 30,790 was called for trial and that the defendant James Harold Hines failed to appear.

Citation issued and served on the sureties David Longoria and John A. Mercado recites that Hines and said sureties entered into a bail bond in the sum of $3,000 "conditioned that the said Defendant James Harold Hines should make his personal appearance before the Honorable Criminal District Court of Travis County, Texas, in Austin on the 29th day of May, A.D. 1958."

The variance claimed is that whereas the bail bond was conditioned for Hines' appearance "instanter" the citation to the sureties recites the condition to be for his appearance on May 29, 1958.

The obligation of the bond that Hines appear instanter before Criminal District Court and there remain from day to day necessarily included the date set out in the citation and the variance is not therefore material. Luse et al v. State, 152 Texas Cr. Rep. 104, 211 S.W. 2d 229.

Appellant points out also that the citation states that the bond was entered into in Cause No. 30,790 pending in Criminal District Court, whereas at the time the bond was entered into there was no such cause and no indictment had been returned.

The obligation of the bail bond required by the magistrate became the obligation to answer the indictment which might

be returned against the principal for the offense charged by the complaint filed against him. Such an indictment was returned in Cause No. 30,790. We find no material conflict or variance in this regard.

The judgment is affirmed.