In re Gary W. LEWIS.

No. 06–07–00052–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 8, 2007.

Decided May 9, 2007.

**758**

Georganna L. Simpson, Law Offices of Georganna L. Simpson, Dallas, for relator.

James L. Clark, Naples, for real party in interest Sondra Lewis.

Lance W. Hinson, Mount Pleasant, for real party in interest Bret R. Thomas.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Gary W. Lewis has filed a petition asking this Court to issue a writ of mandamus directing the 76th Judicial District Court of Titus County to set aside its orders authorizing a receiver to sell real property. Gary [1] also asks this Court to issue a writ of prohibition to prohibit the trial court from entering any further orders allowing the sale of the property.

## Background

Gary divorced his wife, Sondra, and the trial court signed the divorce decree October 28, 2002. The divorce decree divided a 153.5–acre tract between Gary and Sondra, giving each of them an undivided one-half separate property interest in the tract. The decree further stated that either party could petition the court to partition the land. On March 26, 2007, the trial court entered an order retroactively directing the receiver to sell the property because the receiver had actually entered a contract to sell the real estate on February 17, 2007. By the time the trial court signed that order, the property had already been sold at auction.

This divorce and property division were the subject of an appeal previously heard by this Court. *See In re Marriage of Lewis,* No. 06–03–00053–CV, 2004 WL 1635571, 2004 Tex.App. LEXIS 6687 (Tex. App.-Texarkana July 23, 2004, pet. denied) (mem. op.). In that opinion, we affirmed the division of property and noted explicitly that the 153.5–acre tract at issue was separate property, owned in equal, undivided shares by Gary and Sondra. We concluded the trial court had properly determined that "each party was entitled to an undivided one-half interest in the 153.5–acre tract." *Id.* at *4, 2004 Tex.App. LEXIS 6687, at *11.

The divorce decree specifically authorized the sale of the mobile home and improvements located on the 153.5–acre tract, including a provision that, if the parties were unable to agree on the sales price, the personal property could be sold by a court-appointed receiver. However, the divorce decree does not authorize such a sale of the real estate, but only allows each party to petition for a partition. On December 1, 2006, Sondra filed a motion to

---

1. To avoid confusion, we will use the first names of the parties in this opinion.

clarify her own March 28, 2005, order appointing a receiver to require a bond to be posted. The receivership order entered nunc pro tunc December 5, 2006, authorizes Bret Thomas to take and sell a list of property—but neither the original order nor the order nunc pro tunc authorizes taking possession of or selling the real estate.

Nevertheless, on March 6, 2007, Thomas filed a motion for authority to sell real estate "in his hands as Receiver," that being all of the 153.5 acres of land. However, at a hearing conducted on March 26, it was stated that the property was actually sold at auction February 17, 2007. At the hearing before the trial court on March 26 (after the property was sold), counsel for the receiver stated that the property had been properly auctioned off "pursuant to an order appointing him (Bret Thomas) as receiver for this property, 153 acres, that it was—the advertising and all was reasonable."

■ That statement begs the issue. There is nothing in the divorce decree authorizing the real estate to be sold by a receiver. Sondra argues that the sale of the real estate by a receiver is justified because the trial court retains the power to enforce its division of property in the divorce proceeding. See Tex. Fam.Code Ann. § 9.006 (Vernon 2006). It is argued that this sale was an enforcement of section eight of the divorce decree. That section is entitled "Provisions Dealing with Sale of Residence" and authorizes the sale of the mobile home and improvements located on the acreage, but does not provide for a sale of the real estate. The sale of the mobile home and improvements could be an enforcement of the divorce decree, but not the sale of the real estate. The only provision in the decree regarding a possible sale of the real estate provided that each party could file for a partition (which they could do without the trial court's permission since they each owned an undivided one-half interest in the 153.5-acre tract). See Tex. Prop.Code Ann. § 23.001 (Vernon 2000). Since the divorce decree did not order the sale of the real estate, such a sale of the parties' separate property cannot be authorized as an enforcement of the divorce judgment.[2]

■ Gary filed a suit for partition in the divorce action, but it is clear from the proceedings that the trial court was not acting pursuant to the provisions regarding a partition of real estate when the order to sell the real estate was entered. A joint owner of real property may compel a partition of the interest or property among the joint owners. Id. That procedure has several requirements and safeguards, none of which were attempted to be complied with in this sale. The Texas Rules of Civil Procedure set out a rather elaborate system for partition of real estate by joint owners. The trial court must conduct a hearing to determine the share or interest of each joint owner. Tex.R. Civ. P. 760. The court then must determine whether the property, or any part thereof, is susceptible of partition and if it is, the court shall enter a decree directing partition of the real estate and specify the

---

**2.** In the divorce proceeding, the trial court found the real estate interest to be owned as separate property of the parties; this Court affirmed that determination. *Lewis,* 2004 WL 1635571, 2004 Tex.App. LEXIS 6687. In a divorce proceeding, the divorce court may not divest title to the separate property of a spouse. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 139–42 (Tex.1977); *Halamka v. Halamka,* 799 S.W.2d 351, 354 (Tex.App.-Texarkana 1990, no writ). Neither can the divorce court order the sale of separate property in a division of the estate of the parties. *Gerami v. Gerami,* 666 S.W.2d 241, 242 (Tex.App.-Houston [14th Dist.] 1984, no writ).

share of each party. The court must then appoint three or more persons as commissioners to make the partition. Tex.R. Civ. P. 761. Only if the court finds that a fair and equitable division cannot be made in kind shall the court then order a sale by a receiver. Tex.R. Civ. P. 770. The parties in this case have presented us with no evidence or suggestion that any of these provisions were complied with. We cannot find that the trial court ordered the sale pursuant to a statutory partition.

■ Simply stated, we find nothing in this record to authorize the trial court to order the sale of these two parties' separate property. We acknowledge that, during the pendency of the divorce proceeding, the trial court has broad discretion to divide the marital estate in a manner it deems just and right. *See* Tex. Fam.Code Ann. § 7.001 (Vernon 2006). That authority includes the power to appoint a receiver in appropriate circumstances. *Nelson v. Nelson,* 193 S.W.3d 624, 629 (Tex.App.-Eastland 2006, no pet.); *In re Marriage of Edwards,* 79 S.W.3d 88, 96 (Tex.App.-Texarkana 2002, no pet.); *Rusk v. Rusk,* 5 S.W.3d 299, 306 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). However, here, the divorce action had been completed, appealed, and affirmed years before the trial court allowed the appointment of a receiver to sell the property.

**Mandamus**

■ Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or, in the absence of another statutory remedy,

when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985).

■ Our review is much less deferential with respect to a trial court's determination of the legal principles controlling its ruling, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker,* 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

■ "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo,* 922 S.W.2d 920, 927–28 (Tex.1996); *Walker,* 827 S.W.2d at 840. Consequently, the trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Huie,* 922 S.W.2d at 927–28.

**Application**

■ (1) The divorce decree granted to each party a separate property interest in an undivided one-half interest of the 153.5–acre tract, but did not authorize the sale of the property by a receiver. Consequently, the trial court was not enforcing its divorce decree when it authorized the sale of the parties' real estate.

■ (2) Sondra's motion for appointment of a receiver only asked that the receiver be appointed to sell the mobile home and other personal property items. The trial court's order appointing a receiver to sell the property did not include the real estate. A receiver has authority to act only on the property that is tendered to the receiver's care by a court with authority. At the time the receiver sold the

real estate, he had no authority to do so. Since we have found the trial court had no authority to order the sale, without a proper partition proceeding, the order of March 26, 2007, attempting to retroactively authorize the sale was a nullity.

(3) The trial court had no authority to order the separate property of Gary sold in connection with his and Sondra's divorce. The property had been divided, the judgment was final, and the mandate of this Court was issued. The division of the property in the divorce action itself was final.

(4) The trial court could have ordered a partition. *See Halamka*, 799 S.W.2d at 354. That was not done. Partition is a standard remedy when undivided property interests are concerned—and could in the proper situation have been enforced in a separate action with or without the language in the divorce decree. The entirety of property could be sold only if the property was not divisible in kind. There is no indication or allegation that this is the situation in this case.

The trial court abused its discretion by issuing orders approving the sale of Gary's separate property real estate.

**Writ of Prohibition**

Gary also asks this Court to issue a writ of prohibition. Such a writ in an appellate court is a creature of limited purpose. It may issue to: prevent interference with higher courts in deciding a pending appeal, prevent inferior courts from entertaining suits which will relitigate controversies which have already been settled by the issuing court, and prohibit a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Tex. Capital Bank–Westwood v. Johnson*, 864 S.W.2d 186 (Tex.App.-Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453 (Tex.App.-Corpus Christi 1991, orig. proceeding).

The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680 (Tex.1989). The writ issues only to prevent the threatened commission of a future act. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 435 (Tex.Crim.App.1987). However, prohibition is an extraordinary proceeding and should be used sparingly. *Guerra v. Garza*, 987 S.W.2d 593, 594 (Tex.Crim.App.1999). To that end, the party seeking a writ of prohibition must demonstrate (1) that it has no other adequate remedy at law and (2) that it is clearly entitled to the relief sought. *Curry v. Wilson*, 853 S.W.2d 40, 43–44 (Tex.Crim. App.1993). The mere possibility that a trial court will act without jurisdiction will not justify a writ of prohibition. *See In re State*, 180 S.W.3d 423, 425 (Tex.App.-Tyler 2005, no pet.); *W.C.H. v. Matthews*, 536 S.W.2d 679, 681 (Tex.Civ.App.-Fort Worth 1976, orig. proceeding) (holding that prohibition would not issue until threatened action would constitute certain interference with appellate jurisdiction).

We are certain the trial court will comply with the opinion of this Court and will not attempt to take actions outside its jurisdiction. Finding a writ of prohibition to be unnecessary, we deny it.

We conditionally grant relator's petition for writ of mandamus and direct the 76th Judicial District Court of Titus County, Texas, to set aside its order of March 26, 2007. We are confident the trial court will comply promptly. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.