**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 20, 2011.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-11-00874-CV**
**NO. 14-11-00875-CV**

---

**IN RE FRANCISCO BUNT, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**334th District Court**
**Harris Count, Texas**
**Trial Court Cause No. 2008-64322**

---

## M E M O R A N D U M   O P I N I O N

On October 11, 2011, relator Francisco Bunt filed a petition for writ of prohibition and/or injunction in this court.  *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52.  In the petition, relator asks this court to compel the Honorable Ken Wise, presiding judge of the 334th District Court of Harris County and the Harris County District Clerk to prohibit and/or enjoin the release of funds related to the appeal in

*Morales v. Cemex Construction Materials South*, 14-10-00727-CV; 2011 WL 3628861 (Tex. App.—Houston [14th Dist.] August 18, 2011, no pet. h.).

In the appeal, Roberto Morales appealed a portion of the judgment imposing personal liability on Morales for a debt owed to Cemex Construction Materials. Relator was a party to the underlying suit, but pursuant to an agreement, Cemex dismissed relator. As part of the agreement, relator deposited $100,000 with Compass Bank to be used to underwrite any judgment rendered in favor of Cemex. A Rule 11 agreement was executed May 24, 2010, and amended on October 29, 2010. The parties' agreement provides:

> If this appeal is denied, and Morales does not appeal to the Supreme Court of Texas, then the remainder of the Funds in the account shall be released and made payable to Cemex. The transfer to Cemex shall occur five (5) days after the deadline for Morales' appeal to the Supreme Court of Texas. In exchange, Cemex shall assign, transfer and convey, without recourse, the judgment against Morales to Bunt.

Morales filed a cash supersedeas bond in the amount of $177,745.90 on Dec. 28, 2010. Prior to issuance of an opinion in the appeal, relator and Cemex both made claims on the $100,000 deposited at Compass Bank, and the bank filed an interpleader action in the 113th District Court. Subsequently, Compass Bank deposited the $100,000 into the registry of the court, and was dismissed from the suit. The dispute in the 113th District Court is set for trial May 14, 2012.

Relator demanded an assignment of the judgment from Cemex on October 7, 2011, and anticipates that an assignment will be executed. As assignee of the judgment, relator asserts he is entitled to the funds deposited to supersede the judgment in the underlying appeal.

By filing this petition for writ of prohibition and/or injunction, relator requests that this court "prohibit and/or enjoin the Harris County District Clerk and Judge Wise from

2

allowing the release of these funds to Cemex or to any party other than Relator." Relator seeks to maintain the status quo of the funds deposited to supersede the judgment until the breach of contract action on the parties' agreement pending in the 113th District Court is resolved.

A writ of prohibition in an appellate court is a limited purpose remedy. *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding). The writ is used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of a superior court's judgment. *See Sivley v. Sivley*, 972 S.W.2d 850, 863 (Tex. App.—Tyler 1998, orig. proceeding) (combined appeal and original proceeding). The writ is also functions or has the same effect as an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989). Prohibition is not appropriate if any other remedy, such as appeal, is available and adequate. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.—Tyler 2006, orig. proceeding). Similarly, the purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway*, 767 S.W.2d at 683.

Issuance of a writ of prohibition or writ of injunction to protect this court's judgment would not afford relator the relief he seeks because the judgment does not address the pending suit on the parties' separate agreement. Further, this court does not have jurisdiction to issue either writ against the Harris County District Clerk. *See* Tex. Gov't Code Ann. § 22.221.

In addition to requesting a writ of prohibition or writ of injunction, relator requests that this court withdraw its mandate if mandate has issued. The mandate has not issued, but, to maintain the status quo, this court can stay its mandate until resolution of the parties' dispute on the Rule 11 agreement.

Therefore, we stay issuance of the mandate in cause number 14-10-00727-CV until June 15, 2012. In the event the parties' dispute is resolved at an earlier date, they are instructed to inform this court as soon as possible.

With regard to injunctive relief, relator has not established entitlement to the extraordinary relief of a writ of prohibition or a writ of injunction. Accordingly, we deny relator's petitions.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Boyce.