

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBERS 13-15-00299-CR & 13-15-00300-CR

**KRISTIN NICHOLE BOWLING,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## NUMBERS 13-15-00330-CR & 13-15-00331-CR

## IN RE KRISTIN NICHOLE BOWLING

### On Petition for Writ of Mandamus and Writ of Prohibition.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

By appeals and petitions for writ of mandamus and prohibition, Kristin Nichole Bowling contends that the trial court abused its discretion in denying her pleas to the jurisdiction.[1] Bowling contends that the district court[2] lacks jurisdiction over a non-indicted defendant who has not filed a writ of habeas corpus or any motion concerning the bond in that court. We dismiss the petitions for writ of mandamus and prohibition and the appeals as moot.

## I. BACKGROUND

On November 27, 2014, Bowling was arrested and incarcerated in the Kleberg County Jail for two counts of possession of controlled substances, methamphetamine and heroin, in cause numbers 14-AC-0465 and 14-AC-0466. The Honorable Esequiel ("Cheque") De La Paz, Justice of the Peace for Precinct 4 of Kleberg County, acting as magistrate, entered an "Order Setting/Reducing Bail and/or Imposing Conditions of Bail" for Bowling in each cause. These orders set Bowling's bond at $5,000 for each offense and imposed "Conditions of Bail," including the requirements that Bowling report to pretrial supervision, avoid the consumption of alcohol or controlled substances, submit to alcohol and drug testing, commit no offense while on bail, report any arrest within twenty-four hours, pay monthly pretrial supervision fees, and "[a]ppear before the 105th District Court

---

[1] These causes arise from two trial court cases against Bowling. We docketed Bowling's appeal from the trial court's denial of her plea to the jurisdiction in case number 14-AC-0465 as our cause number 13-15-00299-CR and her original proceeding attacking the denial of her plea as our cause number 13-15-00331-CR. Bowling's appeal from the denial of her plea to the jurisdiction in case number 14-AC-0466 was docketed as our cause number 13-15-00300-CR and her original proceeding attacking the denial of her plea was docketed as our cause number 13-15-00330-CR. The cases are virtually identical, and so we address them in one opinion in the interests of judicial efficiency.

[2] The respondent in these original proceedings is the Honorable Jack Pulcher, Presiding Judge of the 105th District Court of Kleberg County, Texas. The December 16, 2014 notice and December 17, 2014 order referenced herein were issued by the Honorable Angelica Hernandez, whose term of office expired on December 31, 2014. Given our disposition of these causes, we need not abate for reconsideration of these orders. *See* TEX. R. APP. P. 7.2(b).

2

or County Court at Law . . . upon notice by the court, or pay . . . for failure to appear." In each case, Bowling filed motions for release and requests for reasonable bail. On December 10, 2014, Judge De La Paz signed an "Order Setting Bail" in each case which allowed Bowling to be released for a "bond in the amount of $2,500 or surety on each charge."

On December 16, 2014, Bowling received a notice in each case from the 105th Judicial District Court of Kleberg County informing her that she was required to appear and report to the pretrial services office of the Kleberg County Community Supervisions and Corrections Department upon her release. These notices further informed Bowling that she was required to submit to pre-trial supervision until further order of the court. Bowling signed the acknowledgments on the notices stating that she received the notices and understood that she was required to report to pretrial services.

On December 17, 2014, the 105th District Court issued an "Order Continuing, Setting or Reducing Bail and/or Imposing Conditions of Bail Pending Trial" in each of the cases. These orders contained conditions of bond that were the same or similar to those conditions previously ordered by Judge De La Paz, but also included some new conditions, such as requirements that Bowling remain in Kleberg County and that she report any change of residence or job status to her supervision officer and the court.

On March 4, 2015, the State filed motions to revoke Bowling's surety bonds on grounds that she failed to report to her pretrial supervision officer for the months of January and February. That same day, the 105th District Court issued an "Order for Warrant of Arrest and for Hearing" in each case. Bowling was arrested pursuant to those orders.

On May 26, 2015, Bowling filed pleas to the jurisdiction in the 105th District Court on grounds that the State's motions to revoke her surety bonds were filed "without due process" and the orders were issued "without jurisdiction." The pleas to the jurisdiction contain no other argument or authority.

On June 11, 2015, the presiding judge of the 105th District Court held a hearing on Bowling's pleas to the jurisdiction. At the hearing, Bowling argued that the district court lacked jurisdiction because Bowling had not been indicted and she had not filed a motion in district court regarding her bond conditions. Counsel for the State noted that counsel for Bowling had previously made the same argument and it had been rejected by the other judges that had considered it, and pointed out that the district court had jurisdiction to, and did, appoint counsel for Bowling even though she had not been indicted. *See* TEX. CRIM. PROC. CODE ANN. art. 26.04 (West, Westlaw through Ch. 46 2015 R.S.) (stating that the judges of the county courts, statutory county courts, and district courts shall adopt and publish procedures "for timely and fairly appointing counsel for an indigent defendant in the county arrested for, charged with, or taking an appeal from a conviction of a misdemeanor punishable by confinement or a felony"). That same day, the trial court denied Bowling's pleas to the jurisdiction.

On June 18, 2015, Bowling filed notices of appeal regarding the denial of her pleas to the jurisdiction, and on July 17, 2015, Bowling filed petitions for writ of mandamus and writ of prohibition attacking these same rulings. Thereafter, the State filed supplemental clerk's records including the "Kleberg & Kenedy Counties District Attorney's Office Case Rejection Slips" indicating that the State declined to prosecute Bowling's cases based on "no lab results."

4

Bowling subsequently filed a "Supplemental Brief and Motion to Strike District Attorney['s] Last Filing with the Court of Appeals" in these cases.[3] Bowling contends that "[i]f it is true that the District Attorney is rejecting [these cases], it only serves to verify and support our position that the District Court has no jurisdiction and no reason to have a standing pre-trial order." Bowling's counsel requested that the case rejection slips showing that the State declined to prosecute Bowling be struck from the record "since [copies were] not sent to the [a]ttorney of record nor was [he] notified of [his] client's release from jail." According to Bowling's motions to strike, "[w]ithout intervention by the Thirteenth Court of Appeals[,] the local District Court will continue to violate the Defendant's constitutional rights with its standing order requiring pre-trial conditions on bonds or cases that have not been indicted." On August 11, 2015, the State filed its responses to the petitions for writ of mandamus and writ of prohibition.[4]

## II. STANDARD OF REVIEW FOR EXTRAORDINARY PROCEEDINGS

Bowling seeks relief from the trial court's denial of her pleas to the jurisdiction by both appeals and original proceedings. Because it is determinative, we address the standard of review for original proceedings.[5] Bowling seeks both a writ of mandamus and a writ of prohibition. The same principles control both a writ of prohibition and writ of

---

[3] Bowling also filed motions for leave to file her supplemental briefs. We grant Bowling's motions for leave and consider the supplemental briefs as duly filed.

[4] The State's responses to Bowling's petitions for writ of mandamus and writ of prohibition were not filed within the ten-day period of time designated by our orders. Accordingly, the State has filed motions for leave to file its responses. We grant the State's motions for leave and consider the responses as duly filed.

[5] Where an order is alleged to be void because the trial court lacks jurisdiction, the relator need not show she did not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). This is true even if the subject order is not void, but voidable or erroneous, and the remedy at law is deemed so ineffective as to be inadequate. *See In re Keeling*, 227 S.W.3d 391, 395 (Tex. App.—Waco 2007, orig. proceeding) (citing *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding)).

5

mandamus when used to correct the unlawful assumption of jurisdiction by an inferior court. *Tilton v. Marshall*, 925 S.W.2d 672, 676 n.4 (Tex. 1996) (orig. proceeding); *In re Richardson*, 252 S.W.3d 822, 830 (Tex. App.—Texarkana 2008, orig. proceeding).

To be entitled to mandamus relief, the relator must show: (1) that she has no adequate remedy at law, and (2) that what she seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of Apps. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. A judge who enters a void order has a ministerial duty to vacate the order. *State ex rel. Thomas v. Banner*, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proceeding); *In re Rubio*, 55 S.W.3d 238, 241 (Tex. App.—Corpus Christi 2001, orig. proceeding). Therefore, mandamus may be used to set aside a lower court order that is void as a matter of law because it exceeds the court's jurisdiction. *State ex rel. Thomas*, 724 S.W.2d at 85; *In re Rubio*, 55 S.W.3d at 241.

A petition for a writ of prohibition is an "extraordinary" proceeding and should be used "sparingly." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding) (citing *Guerra v. Garza*, 987 S.W.2d 593, 594 (Tex. Crim. App. 1999)). A

6

party seeking a writ of prohibition must demonstrate: (1) that it has no other adequate remedy at law, and (2) that it is clearly entitled to the relief sought. *See In re Lewis*, 223 S.W.3d at 761. A writ of prohibition issues only to prevent the threatened commission of a future act. *See Tilton,* 925 S.W.2d at 676 n.4. In this regard, a writ of prohibition has three functions: (1) preventing interference with higher courts in deciding a pending appeal; (2) preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *In re Lewis*, 223 S.W.3d at 761; *Tex. Capital Bank-Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex. App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex. App.—Corpus Christi 1991, orig. proceeding). As applicable to this case, "[a] writ of prohibition is proper to prevent a trial court from acting when the court lacks jurisdiction." *In re Sistrunk*, 142 S.W.3d 497, 500 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding).

## III. ANALYSIS

By one issue in her original proceedings, Bowling contends that the trial court has no jurisdiction to intervene in criminal cases that have not been indicted.[6] By its

---

[6] Relying on *Hernandez v. State*, 327 S.W.3d 200 (Tex. App.—San Antonio 2010, pet. ref'd), appellant argues that in order to vest a court with jurisdiction over a criminal action, a grand jury must present an indictment or an information charging a person with the commitment of an offense. *Id.* at 204–05. However, in *Hernandez*, the court reasoned that although a specific district court may impanel a grand jury, it does not necessarily follow that all cases returned by that grand jury are assigned to that court, and a case assigned to a district court other than the district court to which the grand jury presented the indictment amounts only to a procedural irregularity, not a jurisdictional defect. *Id.* (collecting cases). We note that appellant does not address other authority regarding the validity of trial court proceedings prior to issuance of an indictment. *See, e.g., Counts v. State*, 363 S.W.2d 288, 290 (Tex. Crim. App. 1962) (holding that a bond, judgment nisi, and scire facias were not fatally defective where the bond obligated appellant to appear in district court even though there was no prosecution pending against appellant in that court because the indictment had not yet been presented); *Hines v. State*, 327 S.W.2d 755, 756 (Tex. Crim. App. 1959) ("The obligation of the bail bond required by the magistrate became the obligation to answer the

7

responses, the State contends that the charges against Bowling were rejected because there were "no lab results," and this Court has no jurisdiction to issue mandamus relief in cases with no pending charges. *See, e.g., State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 900 (Tex. Crim. App. 1984) (denying mandamus relief on grounds that the respondent lost jurisdiction over a case after the indictments were dismissed); *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980) (stating that it is "well settled" that when a trial court sustains a motion to dismiss an indictment or information, there is "no case pending against the accused" and "no jurisdiction remaining in the dismissing court."). In this regard, Bowling contends that we should not consider the State's dismissal of the charges against Bowling, but if we are to consider it, the State's rejection of the charges "serves to verify and support our position that the District Court has no jurisdiction and no reason to have a standing pre-trial order." Leaving aside the propriety of the State's notices to Bowling's counsel, we determine that the State's rejection of the charges against Bowling implicates the jurisdictional issue of mootness. *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 758 (Tex. App.—Fort Worth 2010, pet. denied). Accordingly, based on the record presented, we deny Bowling's motions to strike the supplemental clerk's records.

A case that is moot is normally not justiciable. *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005). Accordingly, the mootness doctrine limits courts to deciding cases in which an actual controversy exists. *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). When there has ceased to be a controversy between the litigating parties due to events occurring after judgment has

---

indictment which might be returned against the principal for the offense charged by the complaint filed against him.").

been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal. *Id.*

In the instant cases, the State has rejected the charges against Bowling, and she has been released from jail. The district court no longer has jurisdiction over her cases. *See State ex rel. Holmes*, 671 S.W.2d at 900. While Bowling asserts that the dismissal of the cases lends support to her position that the district court lacks jurisdiction over her bonding issues, Bowling has not briefed the issue of mootness or its exceptions.[7] The Texas Court of Criminal Appeals has dismissed petitions for mandamus on the ground that the relief sought had become moot and therefore, "there is nothing to mandamus, ergo mandamus does not lie." *Id.*; *see In re Bonilla*, 424 S.W.3d 528, 532 (Tex. Crim. App. 2014) (orig. proceeding) (dismissing mandamus as moot where relator had received the relief sought); *Homan v. Hughes*, 708 S.W.2d 449, 453–54 (Tex. Crim. App. 1986) (orig. proceeding) (holding that the applicant was "entitled to relief with regard to the request for writ of mandamus to compel the trial court to vacate the improper order[,]" but dismissing application because the trial court's actions would "remain unchanged"); *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 4 (Tex. Crim. App. 1990) (orig. proceeding)

---

[7] There are two exceptions to the mootness doctrine. The first exception occurs when a claim is "capable of repetition, yet evading review." *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005); *see Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). This exception is limited to the situation where: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Id.* at 688. The second exception to the mootness doctrine is the collateral consequences exception. *Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990); *Ex parte Flores*, 130 S.W.3d 100, 105 (Tex. App.—El Paso 2003, pet. ref'd). The collateral consequences exception pertains to severely prejudicial events, the effects of which continue to stigmatize helpless or hated individuals long after the unconstitutional judgment has ceased to operate. *Id.* Assuming arguendo that the challenged action here was too short in duration to be fully litigated prior to the State's dismissal of the charges, Bowling cannot show that she would be subjected to the same action again because the State dismissed all criminal charges that were filed against her in this case. Further, Bowling has not alleged that she has suffered any collateral legal consequences as a result of the acts at issue herein.

(dismissing petition for mandamus on original submission on the grounds that the relief sought was moot). Similarly, a writ of prohibition will not issue to review an act which has already been performed, or to annul or correct proceedings already terminated. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 435 (Tex. Crim. App. 1987) (orig. proceeding).

## IV. CONCLUSION

The Court, having examined and fully considered the petitions for writ of mandamus and writ of prohibition and the State's responses thereto, is of the opinion that these original proceedings have been rendered moot. *See In re Bonilla*, 424 S.W.3d at 532; *State ex rel. Rodriguez*, 741 S.W.2d at 435. Bowling's appeals are likewise moot. *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). Accordingly, we dismiss each of these causes as moot.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of September, 2015.

10