

# NUMBER 13-23-00217-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROBERT NICHOLAS SIMMONS

## On Petition for Writs of Mandamus and Prohibition.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Justice Silva[1]

Relator Robert Nicholas Simmons, proceeding pro se, has filed an "Emergency Extraordinary Writ Application for Writ [of] Mandamus Requesting [Prohibition] Action," a "Motion for Leave to File [an] Extraordinary Writ," and a "Memorandum of Law" in the above-referenced cause number. In this original proceeding, Simmons raises numerous complaints against his court-appointed attorney, the district attorney, and the Clerk of this

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Court. Simmons's complaints appear to arise from his conviction in trial court cause number 17FC-3271H in the 347th District Court of Nueces County, Texas, and the direct appeal of that conviction currently pending in our appellate cause number 13-22-00322-CR, *Robert Nicholas Simmons v. The State of Texas*.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

To be entitled to relief by writ of prohibition, the relator must meet these same requirements. *See In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015) (orig. proceeding). That is, the relator must show that the act sought to be prohibited is not the result of a judicial or discretionary decision and that the relator lacks an adequate remedy at law. *See id.* at 298. However, a writ of prohibition is a "creature of limited purpose." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding). In this regard, a writ of "[p]rohibition is necessarily directed at anticipated future action." *In re Smith*, No. WR-93,354-02, 2022 WL 17480102, at *2, __ S.W.3d __, __ (Tex. Crim. App. Dec. 7, 2022) (orig. proceeding).

2

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b); *see In re State ex rel. Best*, 616 S.W.3d 594, 599 & n.3 (Tex. Crim. App. 2021) (orig. proceeding).

The Court, having examined and fully considered the petition for writs of mandamus and prohibition, is of the opinion that we lack jurisdiction over Simmons's claims. First, with regard to Simmons's claims against his court-appointed counsel and the district attorney, Simmons has not established that the requested relief is necessary to enforce our jurisdiction in his pending appeal. *See* TEX. GOV'T CODE ANN. § 22.221(a). That said, in the interests of justice, we will file copies of Simmons's pleadings in this original proceeding separately in the appeal pending in 13-22-00322-CR for further consideration and additional review in that cause. Second, with regard to Simmons's claims against the Clerk of this Court, we conclude that his original proceeding was, in part, improvidently filed with this Court, and accordingly, we are forwarding a copy of

3

Simmons's pleadings and this memorandum opinion to the Texas Court of Criminal Appeals for its review.

Based on the foregoing, we dismiss the petition for writs of mandamus and prohibition for want of jurisdiction. Further, as previously noted, Simmons filed a motion for leave to file this original proceeding. Although a motion for leave is required to file original proceedings in the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 72.1, a motion for leave is not required to file original proceedings in the intermediate appellate courts. *See id*. R. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per curiam). We thus dismiss the motion for leave as moot.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
26th day of May, 2023.

4